■ RALPH LAIKEN et al., Respondents, v. AMERICAN BANK & TRUST COMPANY et al., Appellants, et al., Defendant.— Order entered September 16, 1969, denying motion to dismiss four causes of action of the complaint pursuant to CPLR 3211 (subd. [a], par. 7), unanimously reversed on the law, with $50 costs and disbursements to the appellants, and the motion is granted to the following extent. The first and second causes of action are dismissed. The plaintiffs-respondents were employees at will. As such, the bank could terminate their employment at any time and for·any reason or for no reason. (*Town & Country House & Home Serv.* v. *Newberry*, 3 N Y 2d 554, 561; *Watson* v. *Gugino*, 204 N. Y. 535.) Moreover, these causes of action allege that plaintiffs-respondents resigned under protest on the threat of having their services terminated. Having resigned, the plaintiffs-respondents may not seek damages by reason of the termination of their services. (*Levitz* v. *Robbins Music Corp.*, 6 A D 2d 1027.) Since the discharge gave rise to no claim against the bank, there is no claim against the individual defendants, the bank's employees, for causing the discharge. With reference to the third and fourth causes of action, there is no attempt to set forth the slanders *in haec verba*. The complaint in an action for slander is required to state *in haec verba* the words used. This requirement is strictly enforced and the exact words must be set forth. (*Gardner* v. *Alexander Rent-A-Car*, 28 A D 2d 667.) Accordingly the third and fourth causes of action are dismissed without prejudice to an application made on proper papers at Special Term for leave to replead. (See *Cyg-Knit Mills* v. *Denton Sleeping Garment Mills*, 26 A D 2d 800; *Andlou Props.* v. *Grayck*, 24 A D 2d 716; *Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827; 25 A D 2d 133; CPLR 3025, subd. [b]; 3211, subd. [e].) Concur — McGivern, J. P., Markewich, McNally and Tilzer, JJ.