■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents.—Determination unanimously annulled, without costs, and matter remitted to State Human Rights Appeal Board. Memorandum: The State Human Rights Appeal Board dismissed the appeal of Mary K. Davey, petitioner, holding that it had been divested of its jurisdiction to determine the appeal on the merits because petitioner had instituted an article 78 proceeding. Petitioner is a hearing officer employed by the New York State Department of Social Services. She filed a complaint with the State Division of Human Rights on March 12, 1974 charging the Department of Social Services and the Department of Civil Service with discrimination in connection with the appointment of a certain male instead of petitioner to the position of Supervising

Hearing Officer of the Social Services Department for the Buffalo Region. On October 2, 1974 petitioner commenced an article 78 proceeding seeking, *inter alia,* mandamus relief against the State Division of Human Rights to require it to proceed immediately with a public hearing on her complaint. At that time, seven months had elapsed since petitioner had filed her original complaint. On October 18, 1974, prior to the October 24 return date of the article 78 proceeding, the division issued a determination finding "no probable cause" on her complaint of discrimination. Petitioner promptly appealed this determination to the Human Rights Appeal Board on October 24, 1974. Subsequently, Special Term dismissed the article 78 proceeding as moot and later amended its order and directed a hearing to inquire whether the provisional supervising hearing officer for the Buffalo region should be removed and the petitioner declared eligible for the post. Following such a hearing, Special Term on October 7, 1975 dismissed the petition on the merits. The appeal from the division's finding of "no probable cause" was dismissed by the State appeals board in May, 1976. Subdivision 9 of section 297 of the Executive Law (Human Rights Law), contains an election of remedies provision that any person aggrieved by an unlawful discriminatory practice shall have a cause of action in any appropriate court for damages "unless such person had filed a complaint" with the State Division of Human Rights. The section further states that no person who has initiated a court action for an unlawful discriminatory practice "may file a complaint with respect to the same grievance" with the State Division of Human Rights. The statutory purpose is plain. An aggrieved person may seek relief either in an appropriate court or by complaint to the State Division of Human Rights, but not both. Since petitioner's complaint in the instant case was filed prior to the initiation of the article 78 proceeding, the State Division of Human Rights had jurisdiction (see *Matter of Richardson Employment Agency v New York State Div. of Human Rights,* 40 AD2d 585). Because petitioner never abandoned her proceeding before the State Division of Human Rights, it was still pending and is the exclusive remedy afforded her effectively excluding any other action based upon the same grievance (Human Rights Law, § 300). Thus, the Human Rights Appeal Board was not divested of jurisdiction by petitioner's subsequent attempts to obtain court relief and it should, therefore, proceed to make a determination on the merits of petitioner's timely appeal to it from the division's finding of no probable cause. Finally, we find no merit to the claim that petitioner has named the wrong parties as respondents. While the State Appeal Board was not named in the caption of the action, the notice of motion and petition state that this is an appeal from a determination of the State Human Rights Appeal Board and service was made upon the Commissioner of the State Division of Human Rights and his general counsel. Such constitutes substantial compliance with the statute (Human Rights Law, § 298). (Proceeding pursuant to section 298 of the Executive Law.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.