John PIRRE, Plaintiff,

v.

**PRINTING DEVELOPMENTS, INC. and Time, Incorporated, Defendants.**

No. 75 Civ. 3793.

United States District Court,
S. D. New York.

May 6, 1977.

Tobias Weiss, Stamford, Conn., for plaintiff.

Sharfman, Shanman & Poret, P. C., New York City, for defendants.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff, (a resident of Connecticut) a former employee of Printing Developments, Inc. (P.D.I.) (a New York corporation), a wholly owned subsidiary of Time, Inc. (a New York corporation) brought this diversity action for wrongful discharge and for

libel and slander. After discovery was complete defendants moved for summary judgment. While that motion was sub judice, plaintiff applied for leave to file an amended complaint. Drawing, as we must, from the affidavits before us every inference in plaintiff's favor, the following emerges:

Plaintiff had since 1947 been employed as an engineering aide by the defendants. He had performed his services with outstanding success and was highly regarded by all of P.D.I.'s employees as well as by the outside contractors with whom he worked. In 1970 there occurred a change in management and Brian M. Chapman became plaintiff's superior. New management—especially Mr. Chapman—started innovating new policies. Plaintiff, having the benefit of years of experience, could see that these new policies would be disastrous. In loyal discharge of his obligations to the corporation, he so advised Mr. Chapman. Disregarding plaintiff's advice, Mr. Chapman proceeded to implement the new policies. As plaintiff had forecast, disaster followed.

Not unpredictably this turn of events caused Mr. Chapman to hate plaintiff, and he determined to get rid of him. Since plaintiff had no contract of employment but was working "at will" Mr. Chapman could have fired him out-of-hand, giving no reason. However, apparently fearing that such action would disgrace himself and the corporation in the eyes of plaintiff's fellow employees and of those outside contractors who had over the years developed respect for plaintiff, Mr. Chapman together with other members of management decided to make a "paper record" to justify the firing. This paper record consisted of a series of memoranda to plaintiff, each containing accusations of disloyalty known to be false, and each containing a hypocritical and self-serving declaration of good will and esteem for plaintiff.

Not content with causing these memoranda to be written, Mr. Chapman saw to it that their contents were widely disseminated among plaintiff's fellow employees and among those of P.D.I.'s contractors as had previously held plaintiff in high esteem. The obvious and intended consequence of this conduct was to cause plaintiff to be held in obloquy and shunned by his former friends, and to cause him untold and predictable emotional stress and pain, and financial loss.

Upon the foregoing facts, plaintiff seeks to recover damages from the corporation[1] for wrongful discharge and for defamation. We conclude that summary judgment dismissing the former claim is appropriate but that issues of fact remain as to the latter.

■ With respect to his action for wrongful discharge, the plaintiff is met with the insuperable obstacle that his employment was at will and that as a result he could be discharged for any reason or for no reason. *Laiken v. American Bank & Trust Co.* (1st Dept. 1970) 34 A.D.2d 514, 308 N.Y.S.2d 111; *Boucher v. Godfrey* (1935) 119 Conn. 622, 178 A. 655.[2] The contrary decisions which plaintiff cites are inapposite. For example the case of *Monge v. Beebe Rubber Co.* (1974) 114 N.H. 130, 316 A.2d 549 is clearly sui generis. Even if we were to assume that it would be followed in New York or Connecticut were its peculiar facts to occur in either jurisdiction, it has no application to the situation at bar.

With respect to plaintiff's claim for libel and slander, defendants argue that because

---

**1.** Plaintiff has sued Time as well as PDI on the theory that PDI's activities were subject to Time's control. We have denied Time's motion to dismiss, on the ground that the existence of such control is a question of fact for the jury.

**2.** Certain New York cases suggest that if the employee can show that the employer's only reason for terminating the employment at will is malicious, a cause of action exists. *Reale v. International Business Machines Corp.* (1st Dept. 1970) 34 A.D.2d 936, 311 N.Y.S.2d 767,

*affd.* (1971) 28 N.Y.2d 912, 322 N.Y.S.2d 735, 271 N.E.2d 565. Although on plaintiff's version of the facts a finding of malice with respect to the defamatory statements might be warranted, it could not reasonably be found that the termination of employment was motivated *solely* by malice. There was obviously a personality dispute between the plaintiff and Chapman which would have justified a corporate decision to discharge either of them.

842

he is not suing Mr. Chapman and the other supervisors who defamed him but the corporate employer, his complaint has no legal basis. According to the defendants, either Mr. Chapman and the others were actuated by personal malice and spite or by a desire to protect the interests of the corporation (or by both). If (or to the extent which) the former was the motivation, Mr. Chapman (and the others)[3] were off on frolics of their own, and the corporation is not responsible under the doctrine of respondeat superior. *Sauter v. New York Tribune* (1953) 305 N.Y. 442, 113 N.E.2d 790; *Cardona v. Valentin* (1970) 160 Conn. 18, 273 A.2d 697. If (or to the extent which) the latter was their motivation, the corporation is fully protected by the qualified privilege for communications in which the participants have an interest described in *Stillman v. Ford* (1968), 22 N.Y.2d 48, 290 N.Y.S.2d 893, 238 N.E.2d 304. In that case the former president of a foundation claimed that individual officials of the organization defamed him when they criticized his position on certain questions of policy and his performance as executive. The Court of Appeals ruled:

"The parties herein were engaged in a dispute about the policy of an institution in which they all were deeply interested. In defending their respective positions, each faction accused the other of misrepresenting its views in order to win support. Whether or not, in the final analysis, any of these accusations were true or false is hardly relevant. As long as the statements were motivated not by ill will or personal spite but by a sincerely held desire to protect the institution, they are not actionable." 22 N.Y.2d at 53, 290 N.Y.S.2d at 897, 238 N.E.2d at 306.

Accord, *Terry v. Hubbell* (Sup.Ct. New Haven Co. 1960), 22 Conn.Sup. 248, 167 A.2d 919, 3 Restatement of Torts §§ 593 *et seq.* Thus, defendants urge, in order to overcome the privilege plaintiff must show that the defendants he is suing acted with malice or exceeded the scope of the privilege. Since plaintiff has selected corporations rather than individuals as defendants and since an individual's malice cannot be imputed to his employer, defendants further urge, plaintiff must prove that there was a corporate purpose to act with malice towards himself. Defendants conclude that because plaintiff has offered no evidence to suggest such a purpose the complaint must be dismissed.

Although we found defendants' argument initially appealing we must reject it. It is clear that the qualified privilege on which defendants rely can be overcome by a showing of recklessness as well as of malice. *Stillman v. Ford, supra,* 22 N.Y.2d· at 53, 290 N.Y.S.2d at 897. Plaintiff has cited several cases where employers were held liable on the theory of respondeat superior for otherwise privileged defamations by their employees. *Levesque v. Kings County Lafayette Trust Co.* (E.D.N.Y.1968) 293 F.Supp. 1010; *Chambers v. National Battery Co.* (W.D.Mo.1940) 34 F.Supp. 834; *Sias v. General Motors Corp.* (1964) 372 Mich. 542, 127 N.W.2d 357; *Brown v. Great Atlantic & Pacific Tea Co.* (1st Dept. 1949), 275 App.Div. 304, 89 N.Y.S.2d 247.[4] In each of those cases the corporate defendant could have had no corporate purpose in being malicious and the necessary finding of malice sufficient to defeat the privilege must have been imputed. Although none of the opinions is explicit in its reasoning, malice must have been imputed on the theory that the corporation was reckless in not preventing the malicious acts of its employees. See *DeRonde v. Gaytime Shops Inc.* (2d Cir. 1956), 239 F.2d 735 which expressly applied that reasoning. Such a theory is certainly open here where it is alleged that Chapman's alleged misconduct continued unchecked over a period of several months.

3. Although each of the individual defamers was a managerial level employee, none was an officer of the corporation.

4. Most of the cases cited to us holding employers liable for defamation on the doctrine of respondeat superior involved corporate employers who were in the business of communication (newspaper publishers etc.). While those cases are not contrary to the result we reach here, we prefer to rely on cases where the employer was not itself in the business of communication.

Accordingly summary judgment dismissing plaintiff's defamation claims cannot be granted.

As for the other issues raised by the parties, we here repeat our conclusions stated at oral argument: Because New York's one year statute of limitations applies, any defamatory statements published before August 1, 1974 are not actionable. New York's strict pleading rule for slander, however, is not applicable in this court, F.R.C.P. 8(a), see e. g. Mueller v. Rayon Consultants (S.D.N.Y.1959) 170 F.Supp. 555, and we find that plaintiff has given notice with sufficient particularity of the statements to which he objects. Unlike Dyer v. MacDougall (2d Cir. 1952) 201 F.2d 265 relied on by the defendants, there is no question that the plaintiff can produce competent evidence at trial as to the allegedly slanderous statements. To be sure, plaintiff has failed to plead those statements in haec verba and his witnesses recall the gist of the conversations rather than the precise language. However, once the defendant has sufficient notice of the nature of the communications complained of it is the function of the jury rather than of rigidly applied pleading rules to ascribe weight to the inexactness of such complaints. Finally, we deny plaintiff's motion to amend the complaint as untimely, although we observe that the statements contained in the proposed amended complaint will in any event be admissible at trial, at least on the question of recklessness.

Accordingly, defendants' motion for summary judgment is granted in part and denied in part. Plaintiff's motion to amend the complaint is denied. The parties shall submit a pretrial order before June 13, 1977 and be prepared to proceed to trial shortly thereafter.

SO ORDERED.