Harvey C. TRAVERS, Plaintiff,

v.

CORNING GLASS WORKS et al., Defendants.

No. 76 Civ. 4816.

United States District Court,
S. D. New York.

Sept. 1, 1977.

Seligman & Seligman, New York City, for plaintiff; Floyd S. Weil, Steven T. Seligman, New York City, of counsel.

Shearman & Sterling, New York City, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants; Richard C. Marks, Scott F. Zimmerman, Edward N. Stoner II, Pittsburgh, Pa., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a former employee of Corning Glass Works ("Corning") commenced this action against Corning and others charging that the termination of his employment after twenty-five years of service was solely due to his religion (Jewish) and age (52 years). He alleges two separate causes of action against Corning, one charging a violation of the Age Discrimination in Employment Act of 1967 ("ADEA")[1] and the other a violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[2] Plaintiff alleges a third cause of action, which incorporates the allegations of the first two causes of action, wherein the defendants are five individuals, officials and managerial employees of Corning, one of whom, Zaki Mustafa, was plaintiff's immediate supervisor at the time of his discharge. The gist of this claim is that the defendants combined with one another to cause him to lose his employment, "in violation of the law as alleged herein . . ." by making false statements as to his competence to discharge his duty and in other respects when in fact he was discharged because of his age and religion. In addition to seeking reinstatement to his former position, back pay and restoration of his pension, insurance and other benefits, plaintiff also seeks recovery of $1,000,000 to compensate for "physical and mental anguish, pain and suffering" and $3,000,000 punitive damages. Plaintiff has demanded a jury trial.

The individual defendants move to dismiss the third cause of action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted or alternatively for summary judgment pursuant to Rule 56. The basis of the motion is plaintiff's failure to give notices required under Title VII and the ADEA.

A jurisdictional prerequisite to the commencement of suit under Title VII is the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the party sought to be sued.[3] This notice requirement "serves two important purposes. First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law."[4]

It is not disputed that the notices to the EEOC and the State Division of Human Rights did not name as respondents any of

---

1. 29 U.S.C. § 621 *et seq.*

2. 42 U.S.C. § 2000e *et seq.*

3. 42 U.S.C. § 2000e–5, especially § 2000e–5(f)(1). *See also McDonnell-Douglas Corp. v.*

Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

4. *Bowe v. Colgate-Palmolive,* 416 F.2d 711, 719 (7th Cir. 1969).

the individual defendants herein as persons charged with the alleged violations. Before those administrative agencies plaintiff specified only Corning, his employer, as respondent; EEOC's right to sue letter, which was issued to plaintiff, named only Corning and the Commission sent a copy only to Corning. There can be no question that as to the individual defendants other than Mustafa, the action must be dismissed for failure to state a claim because of lack of notice.

As to Mustafa, plaintiff seeks to save the day upon the ground that although he was not actually named as a respondent, Mustafa was described in the complaints filed with EEOC and the State Division of Human Rights as the individual who not only notified plaintiff of his termination but who, as plaintiff's supervisor, had previously made statements about plaintiff's faith and Corning's desire to hire younger people. These and other allegations in the filings with the federal and state agencies, plaintiff contends, should be deemed sufficient compliance with Title VII's prerequisites to permit this action against Mustafa.

Under Title VII, when preliminary conciliation efforts fail, "[t]he Commission . . . shall so notify the person aggrieved and . . . a civil action may be brought against the *respondent named in the charge* . . . by the person claiming to be aggrieved . . . ." [5]

It is clear that the reference to Mustafa's role in the alleged discriminatory activity, performed in his capacity as plaintiff's supervisor and Corning's employee, is the basis for the charge against Corning, plaintiff's employer. The Commission's efforts to conciliate the charges were directed to Corning and not to Mustafa—indeed, it is uncontroverted that neither state nor federal conciliation attempts involved any of the individual defendants. As observed by the Fourth Circuit:

> It seems clear from the language of the statute that a civil action could be brought against *the respondent named in the charge* filed with the. Commission only after conciliation efforts had failed, or in any event, after opportunity had been afforded the Commission to make such efforts.[6]

Here, Mustafa was not named as a respondent, and, as it is uncontested that the conciliation machinery never was invoked as to him insofar as it was charged that he allegedly violated plaintiff's rights, he was never notified of any claim against him. This Court is well aware of the general policy that procedural technicalities are not to bar Title VII claims and that any ambiguities are to be resolved in favor of claimants.[7] But the failure to charge Mustafa as a respondent if it was intended to hold him personally liable is not a procedural technicality but a matter of substance since if such were plaintiff's purpose, Mustafa was entitled to notice under the statute.[8] Plaintiff, of course, is not without recourse. His claim against Corning, his employer, based upon Mustafa's alleged conduct survives and is the subject of his first and second causes of action, charging age and religious discrimination.

Similar considerations apply to the cause of action asserted against the individuals under the ADEA. That act requires as a prerequisite to the commencement of action that 60 days' notice of intent to file such action be given to the Secretary of Labor who "shall promptly notify all persons named therein *as prospective defendants* in the action and shall promptly seek

---

**5.** 42 U.S.C. § 2000e–5(f)(1) (emphasis supplied).

**6.** *Mickel v. South Carolina State Employment Serv.,* 377 F.2d 239, 241 (4th Cir.), *cert. denied,* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967); *cf. Miller v. International Paper Co.,* 408 F.2d 283, 291 (5th Cir. 1969).

**7.** *See Sanchez v. Standard Brands,* 431 F.2d 455 (5th Cir. 1970). The rationale for relaxing procedural requirements in the case of the "unlettered and unsophisticated," *id.* at 463,. however, loses much of its force where, as here, it appears that plaintiff was represented by an attorney from the earliest stages of his efforts before the administrative agencies.

**8.** *See* 42 U.S.C. § 2000e–5(e); *Bowe v. Colgate-Palmolive,* 416 F.2d 711, 719 (7th Cir. 1969).

to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." [9] Under the circumstances the motion by the individual defendants to dismiss the third cause of action is granted. [10]

■ Thus there remain only the two causes of action against Corning based upon age and religious discrimination, and as to these we next consider Corning's motion to dismiss plaintiff's demand for a jury trial. It is clear that in Title VII cases there is no right to a jury trial. [11] The underlying rationale of the various cases which have held that in Title VII cases a jury trial is not required is that the statute authorizes reinstatement with back pay, [12] a form of restitution, clearly an equitable remedy. Thus, the narrow issue is whether plaintiff is entitled to a jury trial on his ADEA cause of action. Since plaintiff under his ADEA cause of action also seeks, among other relief, reinstatement and back pay, logically the same result should follow as in Title VII cases, and the trial should be non-jury.

Plaintiff, however, urges that he is entitled to a jury trial on his ADEA claim, based upon a distinction which he professes to see between Title VII and the ADEA. Title VII, as already noted, grants the court power to order reinstatement, back pay "or any other *equitable* relief as the court deems appropriate." Under the ADEA the Court's power is to "grant such *legal or equitable relief* as may be appropriate to effectuate the purposes of this [Act], including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be minimum unpaid wages or unpaid overtime compensation under this section." [13] Accordingly, plaintiff argues that since Congress has provided for *legal* as well as equitable relief in ADEA actions for damages, he is entitled to the Seventh Amendment guarantee of a jury trial. His position for the purported distinction finds support in two rulings in the Third and Fourth Circuits [14] and in a number of District Courts [15] whereas the Sixth

9. 29 U.S.C. § 626(d) (emphasis supplied). *See Moses v. Falstaff Brewing Corp.,* 525 F.2d 92, 94 (8th Cir. 1975); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1199 (5th Cir. 1975); *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 487–89 (5th Cir. 1974).

10. *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829, 839 (N.D.Cal.1973), relied upon by plaintiff is not to the contrary. While it is true the Court held an attachment to the complaint which named an alleged discriminator would be sufficient even though the discriminator was not named in the complaint, it also observed that if "no notice was given prior to the serving of the court suit upon the alleged discriminators," the action would have to be dismissed. Similarly, in *Hanshaw v. Delaware Tech. & Community Coll.,* 405 F.Supp. 292 (D.Del. 1975), the Court denied a motion by an individual defendant who, like Mustafa, was described in complainant's papers but who was not a named respondent only because it was unclear on the record before the Court whether that defendant had in fact received notice. In this case, however, Mustafa's denial of any notice is uncontroverted.

11. *Slack v. Havens,* 522 F.2d 1091, 1094 (9th Cir. 1975); *EEOC v. Detroit Edison Co.,* 515 F.2d 301, 308–09 (6th Cir. 1975); *Robinson v. Lorillard Corp.,* 444 F.2d 791, 802 (4th Cir.),

cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1967); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir. 1969). The Supreme Court has noted but not decided the issue of a jury trial in Title VII cases. *See Curtis v. Loether,* 415 U.S. 189, 196–97, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

12. "The court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement, . . . with or without back pay . . . or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e–5(g).

13. 29 U.S.C. § 626(b) (emphasis supplied).

14. *Rogers v. Exxon Research and Eng'r Co.,* 550 F.2d 834 (3d Cir. 1977); *Pons v. Lorillard,* 549 F.2d 950 (4th Cir.), *cert. granted,* —— U.S. ——, 97 S.Ct. 2971, 53 L.Ed.2d 1090 (1977).

15. *E. g., Bertrand v. Orkin Exterminating Co.,* 419 F.Supp. 1123 (N.D.Ill.1976); *Rogers v. Exxon Research and Eng'r Co.,* 404 F.Supp. 324 (D.N.J.1975), *vacated on other grounds,* 550 F.2d 834 (3d Cir. 1977); *Cleverly v. Western Electric Co.,* 69 F.R.D. 348 (W.D.Mo.1975); *Chilton v. National Cash Register Co.,* 370 F.Supp. 660 (S.D.Ohio 1974).

Circuit holds that an ADEA litigant is not entitled to a jury trial.[16] Upon analysis of these cases with their conflicting views, and considering the essential purposes of the ADEA, I am persuaded that an action for violation of the Act is governed by the same factors which underlie Title VII violations and that there is no right to trial by jury. As has been observed, "[w]ith a few minor exceptions the prohibitions of [the ADEA] are in terms identical to those of Title VII . . . except that 'age' has been substituted for 'race, color, religion, sex, or national origin.'"[17] And in rejecting the claim of a right to a jury trial in ADEA cases, another court commented that "it would be anomalous to hold that a jury trial is required to remedy age discrimination in employment, but not to remedy discrimination in employment based on race, sex, national origin, and religion."[18]

Those authorities which hold that a jury trial is a matter of right in an age discrimination case emphasize that the ADEA provides for *legal* as well as *equitable* relief and point to the fact that ADEA is enmeshed with the provisions of the Fair Labor Standards Act ("FLSA").[19] Thus ADEA provides that its provisions shall be enforced "in accordance with the powers, remedies and procedures provided in sections . . . 216 . . . and 217 of this title [the FLSA] . . . . Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of Sections 216 and 217 . . . ." In actions brought for violations of the foregoing provisions of FLSA, there is a right to trial by jury;[20] accordingly, the proponents of a jury trial in

ADEA cases argue that since ADEA incorporates Sections 216 and 217 of FLSA, it follows that an ADEA litigant is also entitled to a jury trial, that a claim for back wages essentially is a routine "common law" action, and thus the right to a jury trial is commanded under the Seventh Amendment.

But this analysis overlooks other pertinent provisions of ADEA. Its thrust and purpose is to proscribe discrimination on account of age, and parallels Title VII which proscribes discrimination on account of "race, color, religion, sex, or national origin." Thus an age discrimination claimant, no less than a Title VII discriminatee, can compel reinstatement under Section 626(c), and back pay is only an incidental part of that basic equitable claim. Indeed, in the instant case, that precisely is plaintiff's prayer for relief both upon his age and religious discrimination claims—to wit, compelling Corning to reinstate him "with full promotion and seniority rights and benefits and without any form of retaliation or prejudice" along with back pay, and restoration of pension, insurance, investment and vacation benefits. Back pay, a form of restitution, and the aforementioned benefits which plaintiff seeks to have restored are an integral part of plaintiff's equitable claim for reinstatement.

Plaintiff's further contention that his right to a jury trial is saved because he seeks recovery for compensatory and punitive damages for physical and mental anguish, and loss to his business reputation is also without merit. To allow recovery for damages for pain, suffering and mental or emotional stress based upon a violation of

---

**16.** *Morelock v. NCR Corp.,* 546 F.2d 682 (6th Cir. 1976). A number of district courts have reached the same conclusion. *E. g., Polstorff v. Fletcher,* 430 F.Supp. 592 (N.D.Ala.1977); *Looney v. Commercial Union Assurance Co.,* 428 F.Supp. 533 (E.D.Mich.1977); *Hannon v. Continental Nat'l Bank,* 427 F.Supp. 215 (D.Colo. 1977); *Pons v. Lorillard,* 69 F.R.D. 576 (M.D.N. C.1976), *rev'd,* 549 F.2d 950 (4th Cir.), *cert. granted,* —— U.S. ——, 97 S.Ct. 2971, 53 L.Ed.2d 1090 (1977).

**17.** *Hodgson v. First Fed. Sav. and Loan Ass'n of Broward County,* 455 F.2d 818, 820 (5th Cir. 1972).

**18.** *Hannon v. Continental Nat'l Bank,* 427 F.Supp. 215, 221–22 (D.Colo.1977).

**19.** 29 U.S.C. § 201 *et seq.*

**20.** *See, e. g., McClanahan v. Matthews,* 440 F.2d 320 (6th Cir. 1972); *Wirtz v. Jones,* 340 F.2d 901, 904 (5th Cir. 1965).

the alleged discriminatory acts would clearly undermine the administrative, conciliatory process which is preliminary to the commencement of litigation.[21] The only damages which Congress authorized in ADEA cases were liquidated damages "in cases of willful violations" of the Act, in which event double recovery may be had.[22] Nothing in the history of the ADEA suggests that Congress intended to create a new statutory tort for mental pain and suffering when it did not do so in Title VII discrimination claims. The objective of both statutes is the proscription of employment by reason of discriminatory conduct; the remedy in each essentially is reinstatement with restitution of lost pay. It is illogical that in this one action seeking recovery upon two separate alleged acts of discrimination, one should be tried to a jury and the other to the Court, when the same operative facts govern the determination of each. The motion to strike the jury demand is granted.

The Court is of the opinion that the order striking the jury demand involves a controlling question of law as to which there is a substantial ground for difference of opinion, referred to above, and that an immediate appeal from the order may materially advance the ultimate determination of the litigation. In accordance with 28 U.S.C. § 1292(b) the Court so states.

---

**21.** *See Rogers v. Exxon Research and Eng'r Co.,* 550 F.2d 834, 841 (3d Cir. 1977).

**22.** 29 U.S.C. § 626(b) incorporates by reference 29 U.S.C. § 216(b) which provides that such

damages shall be an amount equal to the unfair wages found due because of a willful ADEA violation.