**Edward J. FLAHERTY, Plaintiff,**

v.

**ITEK CORPORATION and Edmund R. Landers, Defendants.**

**Civ. A. No. 77–3410–S.**

United States District Court,
D. Massachusetts.

June 20, 1980.

Frank McDermott, Loughran, Corbett & McDermott, Watertown, Mass., for plaintiff.

Thomas Butters, Moulton & Looney, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

Plaintiff commenced this action on November 7, 1977, for damages and injunctive relief, alleging that he was laid off by reason of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Defendants Itek Corporation ("Itek") and Edmund Landers, plaintiff's former supervisor, have filed a motion for summary judgment.

Plaintiff was notified of his layoff on November 5, 1975 by Landers. At that time, plaintiff was 58 years old. Landers informed plaintiff that his last day of work would be November 7 and that his termination would be "effective" December 5. According to the affidavit of Richard Finnegan, Director of Personnel for Itek, the "effective" date was used to provide an additional month of insurance coverage. In addition, plaintiff received his regular salary through that date. Flaherty filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") on December 18, 1975, alleging a violation of state age discrimination law, which complaint was dismissed on May 31, 1977, for lack of probable cause. In May 1976, plaintiff filed a "formal complaint" against Itek with the United States Department of Labor, which thereafter notified plaintiff that such "complaint" was not sufficient to satisfy the formal "Notice of Intent to Sue" required by the ADEA, 29 U.S.C. § 626(d). Plaintiff filed a Notice of Intent to Sue on September 28, 1976.[1]

The parties agree that under the terms of the statute, plaintiff had to file a notice of intent with the Secretary of Labor within

---

1. Plaintiff also contends his unwritten "formal complaint" to the Department of Labor in May 1976 should constitute formal notice. I need not reach that issue here, although the statute probably requires written notice. *Reich v. Dow Badische Co.*, 575 F.2d 363, 368 (2d Cir.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978).

300 days of the alleged unlawful practice.[2] The primary issue here is when the unlawful practice occurred.

Defendants cite substantial authority for the proposition that the relevant date should be either the date plaintiff was notified of his impending layoff, November 5, or plaintiff's last day of work, November 7, since by those dates, there was no question as to the finality of the employer's decision. *Krzyzewski v. Metropolitan Government of Nashville and Davidson County*, 584 F.2d 802 (6th Cir. 1978); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Payne v. Crane Co.*, 560 F.2d 198 (5th Cir. 1977). Plaintiff points to the contrary decision in *Moses v. Falstaff Corp.*, 525 F.2d 92 (8th Cir. 1975), which held that the company's official termination date should be used to determine compliance with statutory requirements. Under the rule of the latter case, plaintiff here would have satisfied the filing prerequisites.

■ Although the First Circuit has not ruled on this issue, the court has stated that "In line with the broad humanitarian goals of the statute, liberal construction should be favored." *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107, 109 (1st Cir. 1978). This is particularly true when persons untrained in the law are expected to initiate the statutory process. *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Accordingly, I decline to follow those decisions which penalize a plaintiff

faced with ambiguous conduct by his employer by imposition of an inflexible standard. Looking at the facts of this particular case, I find that although plaintiff did not work after November 7, he was justified in assuming that the relevant date for purposes of the ADEA was the effective date of his termination on December 5.[3] The information relayed to him by the Department of Labor by letter of May 19, 1976 did not affect this assumption as it referred to the time limits set forth in an official pamphlet, which merely paraphrased the statutory language.

■ Defendant Landers also seeks summary judgment on the ground that he was not mentioned in plaintiff's notice of intent to sue. The purpose of the notice requirement is to afford the Secretary of Labor an opportunity to conciliate the dispute between the plaintiff and potential defendants. *Quinn v. Bowmar Pub. Co.*, 445 F.Supp. 780, 785 (D.Md.1980). There is no dispute here that Landers made the decision to lay the plaintiff off and that, as plaintiff's immediate supervisor, he would have been involved in any conciliation efforts. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F.Supp. 318, 323 (D.Mass.), *aff'd* 545 F.2d 222 (1st Cir. 1976). Landers surely had notice of the dispute, as he was named in plaintiff's MCAD complaint.

Accordingly, defendants' motion for summary judgment is DENIED.

**2.** § 626(d) of the ADEA provides:

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed--

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Alleged victims of age discrimination in Massachusetts must first bring a complaint before the

MCAD prior to filing suit, as the First Circuit has held that § 633(b), the "deferral" provision of the ADEA, applies to Massachusetts. *Hadfield v. Mitre Corp.*, 562 F.2d 84 (1st Cir. 1977). Since Flaherty received notice of termination of MCAD proceedings in 1977, the 300 day limitation, ending in 1976, applies. September 28, 1976 is within 300 days of December 5, 1975, but not within 300 days of November 7, 1975.

**3.** A different case would be presented where certain benefits (e.g., pension) were to run long after a plaintiff's termination. In such a case, it would be unreasonable for an individual to assume that his official discharge or layoff date took place many months or years subsequent to his final day of work.