John J. RIO, Plaintiff,

v.

The PRESBYTERIAN HOSPITAL IN
the CITY OF NEW YORK and
Edward Noroian, Defendants.

No. 82 Civ. 3950.

United States District Court,
S.D. New York.

April 1, 1983.

O'Connell & Riley, Pearl River, N.Y., for plaintiff.

J. Scott Dyer, Simpson, Thacher & Bartlett, New York City, for defendants.

## OPINION AND ORDER

LEVAL, District Judge.

Plaintiff John Rio, who was employed by defendant Presbyterian Hospital as Director of Materials Management under the supervision of defendant Edward H. Noroian, was terminated on October 22, 1980 and replaced with a younger employee. Plaintiff alleges that his termination was the result of age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, and the New York Human Rights Law (NYHRL), as amended, N.Y. Exec.Law § 290 *et seq.* (McKinney 1982 and Supp.1982–83). Plaintiff also asserts causes of action based on theories of abusive discharge and intentional interference with employment.

On or about December 10, 1980, plaintiff filed age discrimination charges with the Equal Employment Opportunity Commission (EEOC) and the New York State Divi-

sion of Human Rights (NYSDHR). These charges named only Presbyterian Hospital as defendant. Plaintiff commenced this action on June 16, 1982 and served the defendants on June 18, 1982.

Defendants move to dismiss or, in the alternative, for summary judgment with respect to each of the following claims: (i) plaintiff's allegation that defendant Noroian violated the ADEA; (ii) plaintiff's demand for compensatory or punitive damages under the ADEA; (iii) plaintiff's allegation that defendants violated the NYHRL; (iv) plaintiff's allegation that defendant Noroian interfered with plaintiff's employment relationship with the Hospital; (v) plaintiff's allegation that defendants wrongfully or abusively discharged him from employment; and (vi) plaintiff's allegation that defendants violated the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 et seq.

## I.  The ADEA claim against Noroian

■ Noroian argues that plaintiff's ADEA claim against him should be dismissed because plaintiff failed to file an administrative claim charging him with age discrimination. Before initiating an age discrimination suit, a plaintiff is ordinarily required to name each defendant in charges filed with the EEOC and the NYSDHR. 29 U.S.C. § 626(d); N.Y.Exec Law § 297(2); 9 NYCRR § 468.3(g). See, e.g., Silver v. Mohasco Corp., 602 F.2d 1083, 1086 n. 7 (2d Cir.1979), rev'd on other grounds, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); Travers v. Corning Glass Works, 76 F.R.D. 431, 432–33 (S.D.N.Y.1977) (Weinfeld, J.) (lack of statutory notice precluded suit against plaintiff's supervisor). This ensures that each defendant has knowledge of the claim and an opportunity to resolve the dispute amicably before litigation. Defendant Noroian was not named in plaintiff's EEOC or NYSDHR charges and thus was not served with formal notice of plaintiff's administrative complaints.

District courts in this circuit have recently held that an age discrimination suit can be brought against a defendant not named in the prior administrative proceedings where (i) there is substantial identity between the defendant not named in the administrative charge and the defendants who were so named, and (ii) the defendant not named in the administrative charge was aware of the administrative proceedings. See, e.g., Allen v. Colgate Palmolive, 539 F.Supp. 57, 69 (S.D.N.Y.1981) (where notice is given to a corporate employer but not to its supervisory employees, suit may be maintained against the individuals "if they had actual notice that their individual conduct was being investigated"); Vulcan Soc. v. Fire Dep't, 82 F.R.D. 379, 389 (S.D.N.Y. 1979) (title VII). See also Flaherty v. Itek Corp., 500 F.Supp. 309, 311 (D.Mass.1980). In such cases, requiring technical compliance with the statute would not further the policies that underlie the notice requirement. An unnamed defendant who was aware of the administrative proceedings and whose interests are aligned with another defendant who was named in those proceedings is likely to have had an opportunity before litigation to contribute to the amicable resolution of the dispute.

The record does not reveal whether Noroian had knowledge of the pendency of the administrative proceedings or an opportunity to participate in attempted resolution of plaintiff's claim. Because of the inadequacy of the factual record, Noroian's motions to dismiss and for summary judgment on this ground are denied.

## II.  Compensatory and Punitive Damages

Defendants move to dismiss plaintiff's demand for compensatory and punitive damages for pain and suffering and emotional distress on the ground that such damages are not available under the ADEA. Because the question of the availability of compensatory and punitive damages is unresolved in this circuit,[1] the motion is denied

---

**1.** Five circuit courts have held that the ADEA does not authorize compensatory and punitive

relief. Pfeiffer v. Essex Wire Corp., 682 F.2d 684, 29 F.E.P. 420 (7th Cir.1982); Slatin v.

at this time. It may be renewed at or after trial as appropriate.

## III. *NYHRL Claims*

■ Defendants move to dismiss plaintiff's NYHRL claims. The ADEA requires that plaintiff concurrently file his discrimination claims with both the EEOC and the appropriate state agency, in this case the NYSDHR. Plaintiff has complied with this requirement. The NYHRL requires that an aggrieved party elect between administrative and judicial remedies. N.Y.Exec.Law §§ 297(9) and 300 (McKinney 1982). Plaintiff is thus precluded from bringing an action in any court on his NYHRL claims unless the complaint before the NYSDHR is terminated without prejudice. *State Div. of Human Rights v. Comm'r of N.Y.S. Dept. of Civ. Serv.,* 57 A.D.2d 699, 700, 395 N.Y.S.2d 774, 775–76 (4th Dept.1977); *Collins v. Manufacturers Hanover Trust Co.,* 542 F.Supp. 663, 672–73 (S.D.N.Y.1982). Because plaintiff's complaint before the NYSDHR is still pending, defendants' motion to dismiss plaintiff's NYHRL claims is granted.

## IV. *Abusive Discharge*

Defendants move to dismiss plaintiff's abusive discharge claim, arguing that no such cause of action exists in New York. Because the New York abusive discharge law is unsettled,[2] the motion is denied at

---

*Stanford Research Inst.,* 590 F.2d 1292 (4th Cir.1979); *Vazquez v. Eastern Airlines,* 579 F.2d 107 (1st Cir.1978); *Dean v. American Security Ins. Co.,* 559 F.2d 1036 (5th Cir.1977); *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research and Engineering Co.,* 550 F.2d 834 (3rd Cir. 1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1977). At least two district courts in this Circuit have considered and rejected the views of those courts. *Pavlo v. Stiefel Laboratories,* 22 F.E.P. 489 (S.D.N.Y.1979); *Flynn v. Morgan Guaranty Trust Co.,* 463 F.Supp. 676, 677–79 (E.D.N.Y.1979) (noting Congressional concern with the psychological damage caused by age discrimination and stating that "[emotional] injuries can only be redressed through damages for pain and suffering").

Other district courts in this Circuit have adopted the view that compensatory and punitive damages are not available under the ADEA. *See, e.g., Collins v. Manufacturers Hanover Trust Co.,* 542 F.Supp. 663 (S.D.N.Y. 1982); *Ayres v. Federated Dep't Stores,* 22 E.P.D. ¶ 30661 (S.D.N.Y.1980); *Ginsberg v. Burlington Ind.,* 500 F.Supp. 696, 701 (S.D.N.Y. 1980).

**2.** New York has long held that persons employed for an indefinite period may be terminated at will. *E.g., Martin v. New York Life Ins. Co.,* 148 N.Y. 117, 121, 42 N.E. 416, 417 (1895); *James v. Bd. of Ed.,* 37 N.Y.2d 891, 378 N.Y.S.2d 371, 340 N.E.2d 735 (1975). *But see Walton Lewis Weiner v. McGraw Hill,* 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1982) (questioning the at will employment rule and sympathetically noting the existence of the abusive discharge cause of action in other jurisdictions). However, New York trial courts and most federal courts applying New York law have tentatively recognized a cause of action in abusive discharge. *See e.g., Murphy v. Ameri-*

*can Home Products, Corp.,* 112 Misc.2d 507, 447 N.Y.S.2d 218 (Sup.Ct.N.Y.County 1982), *mod.,* 88 A.D.2d 870, 451 N.Y.S.2d 770 (1st Dep't 1982); *Chin v. A.T. & T.,* 96 Misc.2d 1070, 410 N.Y.S.2d 737, 740–41 (Sup.Ct.1978) (dicta) (cause of action in abusive discharge lies where termination violates public policy discerned from New York constitutional, statutory or decisional law), *aff'd without opin.,* 70 A.D.2d 791, 416 N.Y.S.2d 160 (1st Dep't 1979); *Balancio v. American Optical Corp.,* Index No. 13229/80 (Sup.Ct.Westchester, May 21, 1981); *Sherman v. St. Barnabas Hospital,* 535 F.Supp. 564, 571 (S.D.N.Y.1982); *Placos v. Cosmair, Inc.,* 517 F.Supp. 1287, 1289 (S.D.N.Y.1982); *Savodnick v. Korvettes, Inc.,* 488 F.Supp. 822, 824–26 (E.D.N.Y.1980). *But see Boniuk v. New York Med. College,* 535 F.Supp. 1353 (S.D.N.Y. 1982) (granting defendant's motion to dismiss for failure to state a cause of action, in diversity case where abusive discharge was plaintiff's sole claim); *Shaitelman v. Phoenix Mutual Life Ins. Co.,* 517 F.Supp. 21, 24, 26 (S.D.N.Y.1980); *Pirre v. Printing Developments, Inc.,* 432 F.Supp. 840, 841 (S.D.N.Y.1977). Significantly, in both *Shaitelman, supra,* 517 F.Supp. at 26, and *Pirre, supra,* 432 F.Supp. at 841, plaintiffs did not make a showing that their termination was contrary to a discernable public policy.

If the New York courts would recognize a cause of action for abusive discharge, it is unclear whether they would ground it in tort or contract. Abusive discharge has been characterized in various ways by the jurisdictions that have recognized it as a viable cause of action. Some have concluded that employees, including employees at will, have a contractual right not to be terminated except for good cause. *See, e.g., Fortune v. National Cash Register Co.,* 373 Mass. 96, 364 N.E.2d 1251, 1256–57 (1977); *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549, 552 (1974). Others have

this time insofar as it relates to a claim with the same elements as the ADEA violation.[3]

I would not think it appropriate to exercise pendent jurisdiction over the whole range of possible contentions of abusive discharge,[4] by reason of the federal jurisdiction of age discrimination under ADEA. If, however, the theory of plaintiff's abusive discharge claim is identical to his theory of the alleged violation of ADEA, with the only differences going to possibly differing scope of remedy, there is good reason for exercise of pendent jurisdiction. Defendants may renew this motion at or after trial, as appropriate. In any event, plaintiff will not be permitted to offer proof in support of any other theory of "abusive discharge." Any such action should be brought separately in state court.

## V. Intentional Interference with Employment

■ Noroian is entitled to dismissal of plaintiff's claim against him for intentional interference with plaintiff's employment. Intentional interference with contract is subject to a one year statute of limitations. N.Y.Civ.Prac.Law § 215 (McKinney 1972). Because this action was commenced more than one year after plaintiff was terminat-

ed, this cause of action is time-barred and is dismissed.

## VI. ERISA

Defendants argue that plaintiff's ERISA claims should be dismissed because plaintiff failed to pursue those claims in the proper administrative forum and because any relief based on ERISA is fully available to plaintiff through his ADEA claim. Because plaintiff has not disputed the first contention and expressly concedes the second (Plaintiff's Memorandum of Law at 9), defendant's motion to dismiss plaintiff's ERISA claim is granted.

## Conclusion

Noroian's motions with respect to plaintiff's ADEA claim against him are denied. Defendants' motions with respect to compensatory and punitive damages are denied at this time, with leave to be renewed at or after trial. Defendants' motion to dismiss plaintiff's NYHRL claim is granted. Defendants' motions with respect to plaintiff's abusive discharge claim are denied at this time insofar as that claim is based on the same allegations that give rise to plaintiff's ADEA claim, with leave to be renewed at or after trial. Noroian's motion to dismiss

concluded that employees have a right in tort not to be terminated for a reason that is contrary to public policy. *See, e.g., Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 610 P.2d 1330, 1335–36, 164 Cal.Rptr. 839, 844–45 (1980); *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425, 428 (1973); *Nees v. Hocks,* 272 Or. 210, 536 P.2d 512, 515–16 (1975). Some courts have concluded that abusive discharge lies in both contract and tort. *See, e.g., Pierce v. Ortho Pharmaceutical Corp.,* 84 N.J. 58, 417 A.2d 505, 512 (1980); *Petermann v. Teamsters Local 396,* 174 Cal.App. 184, 344 P.2d 25, 27 (1959). If abusive discharge is an intentional tort or is in the nature of a qui tam, plaintiff's claim is time-barred by C.P.L.R. § 216 (McKinney 1972 and Supp. 1982). If the action sounds in contract, plaintiff's claim would be timely. C.P.L.R. § 213(1) and (2) and 214(4).

3. Defendant suggests that when state law is unsettled a federal court should decline to exercise pendent jurisdiction. The exercise of pendent jurisdiction is a prudential matter, *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). To the extent that

the abusive discharge claim would require proof of nearly the same facts as the ADEA claim, abstention would be inappropriate. *Id.* at 725–26, 86 S.Ct. at 1138–39.

4. Jurisdictions that have recognized a cause of action for abusive discharge have not agreed on a uniform definition of the cause of action. Some have concluded that abusive discharge occurs only when a termination violates a duty created by a statute such as the ADEA or the NYHRL. *See, e.g., McNulty v. Borden Inc.,* 474 F.Supp. 1111 (E.D.Pa.1979). Others have concluded that an abusive discharge cause of action accrues when there is a violation of judicially conceived and defined notions of public policy. *See, e.g., Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 52 Ill.Dec. 13, 15, 421 N.E.2d 876, 878 (1981). One court has concluded that abusive discharge is not available in situations where the plaintiff has an alternative remedy under statute or common law. *See Parets v. Eaton Corp.,* 479 F.Supp. 512 (E.D.Mich.1979).

the claim against him for intentional interference with plaintiff's employment is granted. Defendants' motion to dismiss plaintiff's ERISA claim is granted.

SO ORDERED.