**Jay C. BUMPERS**

v.

**INTERNATIONAL MILL SERVICES, INC.,**

**and**

**Clarence A. Hackett, Inc.,**

**and**

**IU International Corporation.**

Civ. A. No. 84–1219.

United States District Court, E.D. Pennsylvania.

Aug. 17, 1984.

George P. Wood, Norristown, Pa., for plaintiff.

J. Thomas Menaker, Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Defendant's moved to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (6). Defendants alleged that this court

lacks jurisdiction over the subject matter and over the parties; and the complaint fails to state a claim upon which relief can be granted.

## PROCEDURAL HISTORY

The plaintiff, Jay C. Bumpers, was employed by defendant Clarence A. Hackett, Inc. ("Hackett"), a New York corporation with its principal place of business in Philadelphia, since December 1954. In 1981, Hackett was acquired as a subsidiary by defendant, International Mill Services, Inc. ("IMS"), a Pennsylvania corporation. Plaintiff continued to work for both IMS and Hackett until he was terminated on March 15, 1982. On January 1, 1984, Hackett was merged into its parent IMS. Plaintiff also alleged that at the time of his discharge from employment, IMS and Hackett were controlled by their parent corporation IU International Corporation ("IU"), a Maryland corporation. IMS and IU have their corporate headquarters in Philadelphia.

Plaintiff claims that his employment performance was always satisfactory or better, and was never criticized. Plaintiff avers that the determining factor leading to his termination was his age of fifty-six (56) years. Plaintiff alleges that agents of IU, IMS and Hackett informed employees that they could no longer justify employing the older employees with higher salaries. At the time of his termination plaintiff was earning $58,000 per year and was receiving valuable insurance and pension benefits which increased in value annually. Plaintiff further contends that although he was qualified to perform other jobs within IMS and/or Hackett, he was not offered a comparable or lesser position, while younger employees with less service remained employed performing these duties.

Plaintiff filed a claim under the Age Discrimination in Employment Act ("ADEA") with the Equal Employment Opportunity Commission ("EEOC"), in Florida on September 16, 1982. That office transferred the case to its Philadelphia District Office. The charge, which named defendants IMS

and Hackett, is still pending. Plaintiff commenced this action more than sixty (60) days after filing the EEOC charge. On January 13, 1983, the EEOC filed charges with the Pennsylvania Human Relations Commission ("PHRC").

Plaintiff's complaint[1] alleges seven counts against defendants. Count I is under the ADEA, 29 U.S.C. § 621, et seq. Count II alleges that defendants violated Section 5(a) of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Count III alleges a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Counts IV, V, VI, and VII contain allegations of state contract and tort law violations.

Plaintiff claims this court has jurisdiction over the subject matter under section 7(c)(1) of the ADEA, 29 U.S.C. section 626(c) and under 28 U.S.C. sections 1331, 2201 and pendent jurisdiction over the related state claims under ERISA.

## I. ADEA CLAIM

■ Defendants argue that this court lacks jurisdiction over plaintiff's ADEA claims because plaintiff did not file a state administrative complaint with the Florida Human Relations Commission. The ADEA specifies that an aggrieved individual may bring a civil action in federal court to enforce the Act only after fulfilling certain procedural prerequisites. 29 U.S.C. § 626(d). Those prerequisites specify that a plaintiff must file a notice of intention to sue with the Secretary of Labor within 180 days after the alleged discriminatory incident occurred, and must wait sixty (60) days before instituting an action in federal court, if the alleged discriminatory act occurred in a state which (1) has a law prohibiting age discrimination in employment and (2) a state agency authorized to seek relief for an aggrieved individual. *Simpson v. Whirlpool Corp.*, 604 F.2d 997, 999 (6th Cir.1979). 29 U.S.C. § 633(b). However, the state proceedings need not have been commenced within state time limits. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99

---

**1.** Plaintiff filed an amended complaint in which jurisdiction is based on diversity of citizenship.

S.Ct. 2066, 60 L.Ed.2d 609 (1979). "The structure of the ADEA reinforces the conclusion that state procedural defaults do not foreclose federal relief and that state limitation periods cannot govern the efficacy of the federal remedy." *Id.* at 762, 99 S.Ct. at 2074.

Plaintiff alleges in the complaint that certain acts of age discrimination occurred in Pennsylvania. Pennsylvania has laws prohibiting age discrimination in employment and has established a state agency to grant or seek relief from discriminatory practices. Accordingly, plaintiff is required to seek redress from this agency before instituting suit in this court. Upon review of the facts it appears that plaintiff has fulfilled the ADEA requirements. Plaintiff filed a timely charge with the EEOC and that Commission filed the charge with the PHRC. In conformity with the United States Supreme Court's holding in *Oscar Mayer,* even though plaintiff's charges were not timely filed with the PHRC, this court still has jurisdiction over the ADEA claims. Therefore, Count I of plaintiff's complaint will not be dismissed.

## II. STATE LAW CLAIMS

Defendants contend that Count II of plaintiff's complaint should be dismissed because plaintiff failed to initiate an administrative proceeding under state statute. Count II alleges defendants violated Section 5(a) of PHRC, 43 P.S. § 951, *et seq.* That statute prohibits employment discrimination based upon age, but requires that a written complaint be filed with the PHRC within ninety (90) days of the violation. It appears that the charges filed by the EEOC with the PHRC regarding plaintiff's claims were untimely filed. The issue is whether plaintiff's failure to comply with the ninety day filing requirement precludes plaintiff from obtaining relief under the PHRC, either in state or federal court. This very question arose in *Wagner v. Sperry Univac, Div. of Sperry Rand Corp.,* 458 F.Supp. 505 (E.D.Pa.1978). In *Wagner* the Court noted that because "previous decisions under PHRC shed no light

at all on these questions, and [plaintiff] could almost certainly obtain 'a surer-footed reading of applicable law' by presenting these issues to the Commission ... and, if need be, to the Pennsylvania courts." *Wagner,* 458 F.Supp. at 519. Thus, Count II of plaintiff's Complaint will be dismissed for want of subject matter jurisdiction.

## III. ERISA CLAIM

Defendants contend that plaintiff fails to state a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1001, *et seq.* Plaintiff has alleged that his employment was terminated to deny him maximum pension benefits. 29 U.S.C. §§ 1140 and 1141. With regard to a motion to dismiss for failure to state a cause of action, plaintiff's complaint must be construed in the light most favorable to plaintiff accepting as true all allegations made on his part. *Bishop v. Wood,* 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Paolino v. Channel Home Centers,* 668 F.2d 721, 722 (3d Cir. 1981).

Section 1140 of ERISA prohibits an employer from discharging an employee "for the purpose of interfering with the attainment of any right to which such [employee] may become entitled under an [employee benefit plan] 29 U.S.C. § 1140. *See also Kross v. Western Elec. Co., Inc.,* 701 F.2d 1238, 1241 (7th Cir.1983).

The limited issue is whether plaintiff's pension benefits are "rights" protected by section 1140 of ERISA. Plaintiff's allegations, if proven, could establish that plaintiff was terminated for the purpose of denying him maximum pension benefits. Therefore, defendants' motion to dismiss Count III is denied.

## IV. CONTRACT AND TORT CLAIMS

In Counts IV, V, VI and VII plaintiff alleges various claims of contract and tort violations. Plaintiff contends that this court has jurisdiction over these counts under the doctrine of pendant jurisdiction. I find that because the ADEA, ERISA and the state law claims "derive from a com-

mon nucleus of operative fact, ... article III confers on this court the power to hear [the] state law claims." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *see Wagner v. Sperry Univac. Div. of Sperry Rand Corp.,* 458 F.Supp. 505, 518 (E.D.Pa. 1978); *see also Merkel v. Scovill, Inc.,* 570 F.Supp. 133, 138 (S.D.Ohio 1983). The exercise of pendent jurisdiction is discretionary and should be made after "consideration of judicial economy, convenience, and fairness to litigants." *Wagner v. Sperry,* 458 F.Supp. at 518. Upon review of the facts of this case, I conclude that the exercise of pendent jurisdiction is appropriate.

## V. FAILURE TO STATE A CLAIM AGAINST DEFENDANT IU

■ Defendant contends that the complaint fails to state a claim against IU and should be dismissed. Defendant argues that IU was not an employer within the meaning of the ADEA. The ADEA does not impose liability upon parent corporations because of the employment decisions of their subsidiaries, 29 U.S.C. § 623(a)(1). To hold IU responsible as an employer, plaintiff must show that the nexus between IMS, Hackett and IU was greater than a mere parent-sub relationship. *Hassel v. Harmon Foods,* 336 F.Supp. 432 (W.D. Tenn.1971), *aff'd* 454 F.2d 199 (6th Cir. 1972).

■ Plaintiff alleges that IU was an employer within the meaning of the ADEA and that agents of IU ordered its subsidiaries, including defendants IMS and Hackett, to reduce costs by terminating older employees receiving high salaries. Therefore, there exists a factual issue as to whether defendant IU did, in fact, maintain greater control over its subsidiaries IMS and Hackett than a mere parent-sub relationship. Accordingly, I find that plaintiff does state a claim against defendant IU.

## VI. FAILURE TO NAME IU AS A RESPONDENT IN THE EEOC CHARGE

■ Defendants contend that this court lacks jurisdiction over defendant IU because IU was not named in plaintiff's EEOC complaint. Plaintiff did not name defendant IU in the complaint filed with the EEOC. The ADEA requires as a precondition to commencing a civil action against defendants, that the plaintiff first file charges against the defendant with the appropriate state agency, if any, and the EEOC. These requirements are mandatory and not optional. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 758, 99 S.Ct. 2066, 2072, 60 L.Ed.2d 609 (1979). "The general rule is that a party not named in the notice or intent to sue cannot be named as a defendant in a subsequent suit, *see* 29 U.S.C. § 626(d); *Silver v. Mohasco,* 602 F.2d 1083, 1086 (2d Cir.1979), *rev'd on other grounds,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Travers v. Corning Glass Works,* 76 F.R.D. 431 (S.D.N.Y. 1977)." *Allen v. Colgate-Palmolive Co.,* 539 F.Supp. 57, 69 (S.D.N.Y.1981). The purpose of this requirement is to ensure that each defendant has knowledge of the alleged violation and a chance to resolve the dispute amicably before litigation. *Koster v. Chase Manhattan Bank,* 554 F.Supp. 285, 288 (S.D.N.Y.1983); *Rio v. Presbyterian Hosp. in City of New York,* 561 F.Supp. 325, 326 (S.D.N.Y.1983); *see also Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977). Exceptions to this rule have been made in some courts, and age discrimination suits were allowed to be brought against defendants not named in the prior administrative proceeding. Where "(i) there is substantial identification between the defendants not named in the administrative charge and the defendants who were so named, and (ii) the defendant not named in the administrative charge was aware of the administrative proceedings. *See, e.g., Allen v. Colgate Palmolive Co.,* 539 F.Supp. 57, 69 (S.D.N.Y.1981) ... *Vulcan Soc. v. Fire Dep't.,* 82 F.R.D. 379, 389 (S.D.N.Y.1979) ... *See also Flaherty v. Itek Corp.,* 500 F.Supp. 309, 311 (D.Mass.1980)." *Rio v. Presbyterian Hosp.,* 561 F.Supp. at 326.

■ Plaintiff alleges that during the conciliation process he had advised the

EEOC of IU's involvement, and he assumed that they were put on notice as a potential defendant in this litigation. Plaintiff further alleges that IU had greater control over IMS and Hackett than normally found in a parent-subsidiary relationship. Taking plaintiff's allegations as true, defendant IU need not have been named in the EEOC charge to be properly before this court. Therefore, the complaint against IU is not dismissed, defendants motion to dismiss is denied.

An appropriate Order follows.

## ORDER

AND NOW, this 13th day of August, 1984, for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss Count I and Counts III through VII of the Amended Complaint is DENIED.

2. Defendants' Motion to Dismiss Count II of the Amended Complaint is GRANTED.