Manuel CONCEPCION, Plaintiff,

v.

EL MUNDO, INC., Defendant.

Civ. No. 80–2107 (PG).

United States District Court,
D. Puerto Rico.

June 2, 1981.

George L. Weasler, Santurce, P. R., and Antonio Moreda Toledo, San Juan, P. R., for plaintiff.

Luis F. Antonetti, Goldman, Antonetti & Davila, Santurce, P. R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Present before the Court is defendant's Motion to Dismiss, filed on February 3, 1981. As of today, no opposition has been filed by plaintiff.

The complaint alleges that plaintiff was discharged by defendant on September 21, 1979, because of his age and in violation of the Age Discrimination in Employment Act (hereinafter referred to as ADEA), 29 U.S.C. 621 et seq. Plaintiff invoked the jurisdiction of this Court under ADEA. Plaintiff asserted in the complaint that he had notified the Equal Employment Opportunity Commission (hereinafter referred to as EEOC) of his intention to bring suit against defendant, but the complaint does not state when the discrimination charge was filed with EEOC. On June 18, 1980, plaintiff was said to have been notified by EEOC that it had been unable through its informal methods to reach a settlement with defendant and that plaintiff was thus entitled to sue plaintiff.

Defendant now moves the Court to dismiss the complaint on the grounds that plaintiff had not filed his charge of age discrimination with the EEOC within the time required by 29 U.S.C.A. 626(d)(1).[1] Attached as Exhibit A to defendant's motion to dismiss is a copy of the charge plaintiff had filed with EEOC and a certification of authenticity of said document from the EEOC. The copy showed that the charge had been filed with the EEOC on March 28, 1980, one hundred and eighty-nine (189) days after the alleged discriminatory action.

When a state has created an agency to hear employment discrimination claims, a charge must be filed with the EEOC within 300 days of the alleged discrimination. If,

---

1. 29 U.S.C.A. 626(d) states in part:

   "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed—

   "(1) within 180 days after the alleged unlawful practice occurred, . . . ."

however, a state has not created such an agency, a charge must be filed with the EEOC within 180 days after the alleged violation. Puerto Rico is not a deferral state within the meaning of 29 U.S.C. 633(b); therefore, plaintiff had 180 rather than 300 days following the alleged unlawful violation within which to file his discrimination charge with the EEOC. See 29 U.S.C. 626(d)(2). *Lugo Garcés v. Sagner International, Inc.*, 534 F.2d 987 (1 Cir., 1976).

Plaintiff's employment discrimination charge was not filed with the EEOC within the statutorily required time period. Therefore, the complaint must be dismissed. See *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014 (1 Cir., 1979).

WHEREFORE, in view of the above, the Court ORDERS that defendant's motion to dismiss the complaint, be and is hereby GRANTED; and

FURTHER ORDERS that litigation costs and expenses be assessed against plaintiff.

IT IS SO ORDERED.