**Irene F. GUNNING, Plaintiff,**

v.

**SAN ANTONIO TEACHERS CREDIT UNION and Leon Ewing, Defendants.**

**No. SA–86–CA–1534.**

United States District Court, W.D. Texas, San Antonio Division.

Feb. 4, 1987.

John R. Heard, San Antonio, Tex., for plaintiff.

Thomas E. Quirk, Beckman, Krenek & Quirk, San Antonio, Tex., for defendants.

## ORDER

H.F. GARCIA, District Judge.

Plaintiff Irene F. Gunning initiated this lawsuit under the Age Discrimination in Employment Act (ADEA), Title 29 U.S.C. Section 621 *et seq.*, against her former employer, San Antonio Teachers Credit Union, (SATCU), and its president, Leon Ewing. In her complaint, she contends that she was wrongfully terminated from her employment as a telephone operator with SATCU by Ewing because of her age. Shortly after her discharge, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) which forwarded the complaint to the Texas Commission on Human Rights. Unable to resolve the dispute administratively, the agencies notified plaintiff of her right to proceed in court, and this lawsuit followed. Ewing has filed a motion to dismiss or alternatively for summary judgment claiming that he was not made a party to the administrative proceedings, and that no charge of discrimination has been made against him.

Section 626(d) of the ADEA provides that:

"No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission ...

Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful

practice by informal methods of conciliation, conference, and persuasion."

It is a general rule that a party not named in the notice of intent to sue cannot be named as a defendant in a subsequent suit. *Allen v. Colgate-Palmolive Co.*, 539 F.Supp. 57, 69 (S.D.N.Y.1981). District courts in several circuits have, however, recognized an exception. An age discrimination suit can be brought against a person not named in the notice of intent if (1) there is substantial identity between the defendant not named in the notice and the defendant who was so named, and (2) the unnamed defendant had notice of the administrative proceeding. *Bumpers v. International Mill Services, Inc.*, 595 F.Supp. 166, 170 (E.D.Pa.1984). *Lettich v. Kenway,* 590 F.Supp. 1225, 1227 (D.Mass.1984). *Rio v. Presbyterian Hospital in the City of New York,* 561 F.Supp. 325, 326 (S.D.N.Y.1983). *Allen v. Colgate-Palmolive Co.*, 539 F.Supp. at 69. *See, Wasilchuk v. Harvey's Wagon Wheel, Inc.*, 610 F.Supp. 206, 208–209 (D.Nev.1985). In such cases, requiring technical compliance with the statute would not further the policies that underlie the notice requirement of section 626(d). *Rio v. Presbyterian Hospital in the City of New York,* 561 F.Supp. at 326. An unnamed defendant who is aware of the administrative proceedings and whose interests are aligned with another defendant who was named in those proceedings is likely to have had an opportunity before litigation to contribute to the amicable resolution of the dispute. *Ibid.*

█ In her EEOC charge, plaintiff alleged that she was discriminated against because of her age. She states that Ewing harassed her and treated her in a demeaning manner. She further contends that he reprimanded her based on false statements, with the intent to force her to resign. When she refused, he discharged her. Finally, plaintiff alleges that Ewing has only hired persons under 50 years of age. Such claims clearly reflect Ewing's involvement in the alleged discrimination. Because he is the alleged offender and the president of SATCU, it is unlikely he did not have notice of and an opportunity to participate in the agency proceedings. Substantial identity of interest between SATCU's president and SATCU is presumed. The pleadings are sufficient to state a claim against him, and he is not entitled to dismissal. Since he has presented no evidence disputing notice and identity of interest, he is also not entitled to summary judgment. *See, Borumka v. Rocky Mountain Hospital,* 599 F.Supp. 857, 859 (D.Col.1984).

It is, therefore, ORDERED that the motion of Leon Ewing to dismiss or for summary judgment be, and it hereby is, DENIED.