Humberto **RODRIGUEZ CALDERON**, Plaintiff,

v.

**BANCO SANTANDER–PUERTO RICO**, Defendant.

Civ. No. 87–0872 HL.

United States District Court, D. Puerto Rico.

Oct. 28, 1987.

Harvery B. Nachman, Santurce, P.R., for plaintiff.

Fiddler, Gonzalez & Rodriguez by Jose A. Silva Cofresi, San Juan, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff filed the instant complaint averring unlawful discharge in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. sect. 621 *et seq.* ("ADEA"). Plaintiff also brings local claims for age discrimination, 29 L.P.R.A. sect. 146, and for discharge without just cause, 29 L.P.R.A. sect. 185b. Defendant moves for summary judgment of the ADEA claim based on a time-bar. If defendant is meritorious on this dispositive issue in the ADEA claim, the remainder of the complaint, predicated on pendent jurisdiction, must also be dismissed.

Under the ADEA, a person must file a charge for age discrimination in employ-

ment with the Equal Employment Opportunity Commission ("EEOC"). Because Puerto Rico is not a "deferral state" within the meaning of sect. 14(b) of ADEA, *Lugo Garces v. Sagner International, Inc.*, 534 F.2d 987 (1st Cir.1976),[1] a plaintiff has 180 days from the date of the alleged violation to file a charge with the EEOC. *Concepcion v. El Mundo, Inc.*, 516 F.Supp. 460 (D.P.R.1981). In addition, sect. 626(d)(1) proscribes the filing of a civil action until 60 days after the charge has been filed with the EEOC.

In this case plaintiff sent to the EEOC a standard EEOC charge form on April 6, 1987. Since the alleged discriminatory act occurred on January 29, 1987, the charge appeared to have been filed well within the 180 day period. The information requested on the form was very basic, consisting *in toto* of the names, addresses, and telephone numbers of the parties, the date and cause of the alleged discrimination, space to set down what is called merely "the particulars," and, finally, plaintiff's signature. Plaintiff provided all of this information, printing "age" on the line next to the box checked "other" under cause of discrimination.

On the same date, plaintiff sent a similar claim form containing the same information to the Unidad Anti–Discrimen (translated as Anti–Discrimination Unit, hereafter "UAD"), a Commonwealth agency, along with a copy of the charge sent to the EEOC. On April 30, 1987 the UAD sent plaintiff a letter ordering him to appear at the UAD offices on June 16, 1987. Plaintiff maintains, and defendant does not object, that copies of both the UAD and EEOC forms accompanied this letter. Both parties agree that the EEOC had given up jurisdiction for the purpose of conciliation. On June 16 a conciliation meeting was held at which both plaintiff and defendant's agent appeared. A conciliation could not be reached.

On July 9, 1987 plaintiff filed the instant suit, more than 60 days after the supposed filing date of April 6, 1987. On July 23, 1987 the EEOC form charge was returned to plaintiff with a note requesting that plaintiff's birth date and present age be included on the form. This information was duly and promptly supplied. On August 17, 1987 defendant received a letter from the EEOC informing it that plaintiff had filed an age discrimination charge against it on August 8, 1987.

Defendant argues that plaintiff's claim is untimely in two respects. First, the requisite charge with the EEOC was not filed until 190 days after the alleged violation, that is, not until August 8, 1987. The alleged violation occurred on January 29, 1987. Failure to file the charge with EEOC within the 180 day limitations period after a violation makes the civil action untimely. *Concepcion, supra.* Second, sect. 626(d)(1) has a similarly detrimental effect because the civil action was not instituted more than 60 days after the charge with the EEOC was filed. The complaint was filed, defendant alleges, on July 9, 1987, *before* the filing of the charge with the EEOC.

■ The starting point for considering the timeliness of plaintiff's claim is to note that the 180 day period provided in ADEA

---

1. A deferral state is one which has a law prohibiting age discrimination and a state authority established or authorized to grant or seek relief from such discrimination. Sect. 633(b). Plaintiff appears to imply that with the creation of the Commonwealth Anti–Discrimination Unit ("UAD"), Puerto Rico now has an authority established to grant or seek relief and is thus a deferral state within the meaning of sect. 633(b). Plaintiff does not pursue this point by enumerating the specific functions of UAD and showing how these functions bring Puerto Rico under the definition of a deferral state. Moreover, plaintiff accedes to the 180 day nondeferral-state limitation in his subsequent argument.

Finally, the feature of the Commonwealth age discrimination statute, 29 L.P.R.A. 146, which served as an independent grounds for deciding that Puerto Rico was not a deferral state in *Lugo Garcés* remains, even though *Lugo Garcés* was decided in 1976 and without consideration of UAD. Because filing a claim first with UAD is not mandatory, a person may file a civil action in Commonwealth court directly on his local claim. Under these circumstances, deferral of the federal court action serves no obvious policy. *Lugo Garcés* at 990.

for filing a charge with EEOC is not a jurisdictional requirement for this action. Instead, the notice requirement acts like a statute of limitations, and is thus subject to waiver, estoppel, and equitable tolling. *Kennedy v. Whitehurst,* 690 F.2d 951, 223 U.S.App.D.C. 228 (D.C.Cir.1982). Therefore, even if it were determined that the charge was not filed until August 8, 1987, the Court may consider the circumstances as a whole in deciding whether or not to dismiss the complaint.

The EEOC apparently considers the charge to have been filed on August 8. It informed defendant for the first time of plaintiff's EEOC charge on August 17, 1987, giving the date of charge as August 8. This late date was given by the EEOC despite its demonstrated involvement in the case since April. Plaintiff originally mailed the EEOC charge on April 6. Puerto Rico UAD sent plaintiff a copy of his EEOC charge on April 30, at the time it notified plaintiff of his appearance before the UAD for conciliation. On July 23 plaintiff received his charge back from the EEOC requesting plaintiff's age and birthdate. Thus, it is undisputed that a charge was mailed on April 6, 1987 and the process of conciliation proceeded as if the charge was proper.

 Nevertheless, defendant stands by its assertion that the charge was not filed with the EEOC until August 8. Defendant cites no regulation or authority for the proposition that a charge of age discrimination must include certain pieces of data, including plaintiff's age and birthdate.[2] The sparse form itself and caselaw indicate the contrary. A charge need not even comply with the broad, liberal requirements of notice pleading encountered in the Federal Rules of Civil Procedure. *Dickerson v. Deluxe Check Printers, Inc.,* 703 F.2d 276 (8th Cir.1983). The purpose of the written charge requirement is "to provide the Department [of Labor] with sufficient information so that it may notify prospective defendants and to provide the Secretary with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation." H.Conf.Rep. No. 95–950, 95th Cong., 2d Sess. 12, reprinted in 1978 *U.S.Code Cong. & Ad.News* at pp. 504, 534. Since the defendant was in actuality notified and conciliation was attempted, the charge's purpose was achieved. The charge indicated, and defendant was aware at all times, that plaintiff was alleging age discrimination. Based on these facts, it must be determined that, for the purposes of this civil action, the charge with the EEOC was timely filed on April 6, 1987. It follows, then, the complaint was also filed timely, more than 60 days later.

 Even acceding to the EEOC's apparent consideration that the charge was not filed until August 6, 1987, the Court would still find that the principle of equitable tolling preserved plaintiff's claim. Plaintiff cannot be held responsible for bureaucratic bungling and delay. The period of three and a half months between the filing of the original charge with EEOC and its return to plaintiff for alleged deficiency cannot be counted against the 180 day period. That conciliation was proceeding as usual further justifies plaintiff's reliance. Plaintiff's retention of counsel throughout the three and a half months does not alter this result. A prudent lawyer would not necessarily have known that the original charge was deficient, since it was not, and certainly could not have known it was not considered as sufficient by the EEOC until July 23, when it was returned with instructions.

WHEREFORE, defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

---

**2.** In fact, 29 C.F.R. sect. 1626.8(a), which regulates the contents of an EEOC charge, requires only the names of the parties, a statement of the facts, the size of the business, and a statement disclosing whether a similar claim has been filed before a State agency. Furthermore, subsect. (c) allows for relation back of amendments to the charge to the date the charge was first received.