Lester L. JAY

v.

INTERNATIONAL SALT CO., et al.

Civ. A. No. 87–1621 "L".

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Sept. 6, 1988.

Christopher L. Zaunbrecher, Lafayette, La., for plaintiff.

Martha C. Perrin, Atlanta, Ga., Steven R. Blackburn, Nashville, Tenn., and George Arceneaux, Lafayette, La., for defendants.

## MEMORANDUM RULING

DUHE, District Judge.

This ruling concerns a motion for summary judgment filed by defendants International Salt Company ("ISC") and AKZO America, Inc., ISC's parent company. For the reasons outlined below, the motion is granted.

FACTS

Sixty-year-old plaintiff Lester L. Jay was serving as mine manager of ISC's Avery Island Salt Mine in May 1985, when company officials told him they had decided to replace him. Plaintiff testified that after this meeting, he was aware that he had no future with the company and that he was to be terminated after he got his severance pay. In August 1985, plaintiff was removed from his position as mine manager and given the position of "general manager—mining and planning". The record indicates that plaintiff performed very few job activities in his new position and plaintiff testified that he presumed he was given the position so that he could "save face". He continued to receive payroll checks until December 31, 1986 when he elected to collect the remainder of his severance benefits in a lump sum and to begin receiving pension benefits.

Plaintiff filed suit against defendants on July 31, 1987 alleging violations of the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Louisiana Age Discrimination in Employment Act, La.R.S. 23:971, *et seq.* Defendants moved for summary judgment on both causes of action.

*The Federal ADEA Claim*

■ In their motion for summary judgment, defendants point out that 29 U.S.C. § 626(d) requires that a charge alleging unlawful discrimination be filed with the Equal Employment Opportunity Commission ("EEOC") *before* a civil action is commenced. Defendants aver that plaintiff never filed such a charge and move this Court for summary judgment on that basis.

Plaintiff's opposition offers no information that the plaintiff filed a charge with the EEOC. Furthermore, plaintiff testified in his deposition that he never went to the EEOC to complain about being a victim of age discrimination. Thus, the record unequivocally establishes that plaintiff did not follow the requirements of § 626(d). Accordingly, defendants are entitled to summary judgment in their favor on plaintiff's Federal ADEA claim.

*The Louisiana ADEA Claim*

Defendants contend that plaintiff's cause of action accrued in May 1985 when he was told that he was going to be replaced as mine manager and that his employment was going to be terminated. They further contend that the one year prescriptive period for torts found in La.Civ.C. art. 3492 applies and, therefore, plaintiff's suit was untimely when filed in July 1987.

Plaintiff argues: (1) that his cause of action accrued on the date that he ceased to be employed by defendants i.e. December 31, 1986; (2) that it would have been unreasonable to expect him to file suit before his employment terminated and that the reasonableness of this decision creates an issue of fact that precludes summary judgment; (3) that a fact issue exists as to whether sufficient notice was given of defendants' intent to dismiss him and if it was given, when; and (4) that the applicable prescriptive period is either that, for the recovery of compensation for services rendered, La.Civ.C. art. 3494, or that found in federal ADEA.

In a diversity case, prescription of a state law claim is governed by state law. *Abdul–Alim Amin v. Universal Life Ins. Co. of Memphis*, 706 F.2d 638 (5th Cir.1983). The state act does not specify when a claim accrues or what limitations period applies to civil actions brought to enforce the act and there are no reported Louisiana cases touching on either issue. There are, however, Louisiana cases addressing the general issue of prescription of a Louisiana cause of action. In *Jordan v. Employee Transfer Corp.*, 509 So.2d 420 (La.1987),

the court explained that a plaintiff has the kind of notice that will start the running of prescription when he has a reasonable basis to pursue a claim against a specific defendant.

■ It is undisputed that in May 1985, ISC officials clearly and unequivocally communicated to plaintiff their decision to replace him as mine manager and to terminate him. Plaintiff admitted in his deposition that (1) he was told that he was going to be replaced as mine manager by a person younger than himself; (2) that he immediately believed that he was being discriminated against because of his age; (3) that he was aware that there were state and federal laws governing age discrimination and (4) that he thought about bringing legal action against his employer when he was told that he was to be replaced. The Court notes that according to plaintiff's deposition testimony, he first learned that he was going to be replaced as mine manager around March 1, 1985. In any event, this Court finds that plaintiff had a reasonable basis to pursue a claim against his employer in May 1985 and that prescription began to run at that time.

The Court is not persuaded by plaintiff's assertions that summary judgment is not an appropriate vehicle by which to judge the reasonableness of his actions, the sufficiency of notice given by defendants or the date on which it was given. Plaintiff's deposition contains a clear statement of his thought processes during the period at issue. There is no contrary evidence. This Court has no need of any further, or better information on which to base its decision regarding the reasonableness of plaintiff's action and there are no disputed material facts regarding what plaintiff was told, when he was told or why he chose the course of action he did.

■ There is no merit to plaintiff's contentions that this Court should adopt the federal ADEA limitations period. As noted above, the law of the forum state controls on the issue of prescription. Turning to state law, I find that an age discrimination action more closely resembles a tort than an action for recovery of compensation for services rendered and therefore I hold that the one year tort prescriptive period found in art. 3492 is the appropriate limitations period for an age discrimination action brought under the Louisiana Act.

■ Given that plaintiff's cause of action accrued in May 1985, and that the applicable prescription period was one year, plaintiff's claim prescribed long before the instant action was filed in July 1987. Plaintiff argues, however, that the doctrine of equitable tolling should apply to suspend the prescriptive period. He contends that ISC knew or should have known that certain of its actions would cause him to delay filing suit. Plaintiff points to his continued employment following his removal as mine manager and an ISC news release announcing his new position as evidence of efforts on ISC's part to delay his filing suit.

Under Louisiana law, the doctrine of equitable tolling is only available in extremely limited circumstances. *Cross v. Lucius,* 713 F.2d 153, 157 (5th Cir.1983). It is pertinent in cases where the defendant has concealed the fact of the offense or has committed acts (such as fraud, misrepresentation, or other ill practices) which tend to impede or prevent the plaintiff from asserting his cause of action. It does not apply where plaintiff's delay in bringing suit is willful or the result of his own negligence. *Nathan v. Carter,* 372 So.2d 560, 562 (La. 1979).

Plaintiff has made no allegation that the defendants prevented him from bringing this action through fraud or ill practice. Nor, as the following excerpt from plaintiff's deposition illustrates, does the evidence show that defendants concealed their intentions from the plaintiff:

Q. When did you first form the belief that you had been the victim of discrimination because of your age?

A. Well, I thought immediately about it.

Q. Immediately when?

A. When I was informed I was going to be replaced. I think I asked Mr. Aitken, I said, "It's a young guy or old guy?" And I think he said—I think they said or

whoever said, he's a young fellow, or younger than I. 50 or so.

(Jay deposition page 102).

Plaintiff also testified that he had contemplated bringing legal action from the time he was notified that he was to be removed but that he *chose* not to bring legal action until he retired because he considered it "not in good taste" to sue his employer while he was still employed. Plaintiff further stated that no one in a management position ever said anything to him that would indicate that the company management had changed its' position about removing him. Plaintiff's delay in bringing suit was willful and not a result of any fault or concealment on defendants' part. Thus, the doctrine of equitable tolling is not available to him under Louisiana law. Consequently, plaintiff's Louisiana ADEA claim is time barred and defendant's motion for summary judgment is granted.