**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**PUERTO RICO JOB CORPS, et al., Defendants.**

Civ. No. 89–0076 (JP).

United States District Court, D. Puerto Rico.

Jan. 2, 1990.

---

Lizandra Betancourt, E.E.O.C., New York City, for plaintiff.

José R. García Pérez and Maricarmen Almodóvar Díaz, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiff Equal Employment Opportunity Commission (EEOC) has filed this complaint on behalf of Luz Rivera pursuant to the Age Discrimination in Employment Act, Title 29 U.S.C. Section 621 *et seq.* (ADEA) and Section 3 of the Age Discrimination Claims Assistance Act of 1988, Pub.L. 100–283, 102 Stat. 78 (ADCAA). The complaint alleges that Ms. Rivera's contract with the Department of Education, which expired on November 30, 1985, was not renewed because of her age. The plaintiff seeks backpay, liquidated damages, injunctive relief, and costs.

Luz Rivera was an employee of the Puerto Rico Department of Education (Department of Education) from 1979 to 1985. She was assigned to work with the Puerto Rico Job Corps (Job Corps), which was then administered by the Department of Edu-

cation. The last position she held was Supervisor of the Residential Area for the Job Corps Center in Barranquitas. On November 27, 1985, the Department of Education sent Ms. Rivera a letter informing her that her contract, due to expire on November 30, would not be renewed.

As of December 1, 1985, a majority of Job Corps personnel had been transferred to the Corps of Volunteers in the Service of Puerto Rico (Corps of Volunteers) upon recommendation by the Department of Education. The Department did not recommend the transfer of Ms. Rivera. The Corps of Volunteers replaced the Department of Education as the new agency contractor responsible for the administration of Job Corps funds through a contract with the United States Department of Labor.

On May 9, 1986, Ms. Rivera filed a charge of discrimination with the EEOC, naming Puerto Rico Job Corps as respondent. The EEOC filed the instant action against defendant Puerto Rico Job Corps on January 23, 1989, and amended the complaint on May 2, 1989, to include defendants Puerto Rico Department of Education, Corps of Volunteers to the Service of Puerto Rico, and the Commonwealth of Puerto Rico (Commonwealth).

The Court has before it defendants' Motion for Summary Judgment. Co-defendants Corps of Volunteers and the Commonwealth of Puerto Rico first seek summary judgment on the issue of whether they are proper parties to this action. All defendants claim that the action is time barred. Job Corps, the Corps of Volunteers, and the Commonwealth further assert that they are not Luz Rivera's employers for the purpose of imposing liability under ADEA. All defendants aver that the plaintiff's complaint fails to state a claim upon which relief can be granted. Finally, defendants claim that the plaintiff has failed to establish a prima facie case of willful age discrimination.

Plaintiff counters that the following genuine issues of material fact exist:

* Whether Luz Rivera's age was the basis for nonrenewal of her contract of employment.

* Whether Luz Rivera was subjected to age-based insults and slurs by defendants' officials.

* Whether Carlos Vázquez, one of Luz Rivera's supervisors, made statements announcing a policy of favoring the employment of younger persons on the staff of the Puerto Rico Job Corps.

* Whether the discriminatory acts were committed willfully.

Plaintiff claims that the EEOC does not lack jurisdiction over the Corps of Volunteers or the Commonwealth because plaintiff was permitted to amend the civil complaint to name the additional defendants. Also, the statute of limitations has not run due to the applicability of the Age Discrimination Claims Assistance Act of 1988, which extends the ADEA statute of limitations in certain circumstances. Defendants Department of Education and Job Corps are agencies or instrumentalities of the Commonwealth, which was Rivera's employer at the time of discharge, and therefore fall within the ADEA definition of "employer." Finally, plaintiff argues that it has sufficiently stated a claim and has established a prima facie case of willful discrimination under ADEA.

For the reasons stated below, we grant summary judgment in favor of Job Corps and deny summary judgment as to the remaining defendants.

SUMMARY JUDGMENT

Summary judgment is appropriate when there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. Rule Civ.Proc. 56(c). The court views all facts in the light most favorable to the non-moving party and indulges in all inferences favorable to that party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Ismert and Associates v. New England Mut. Life Ins.*, 801 F.2d 536, 537 (1st Cir. 1986). The non-moving party can defeat a motion for summary judgment by showing the existence of a genuine issue of material fact pertaining to those issues upon which it would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322,

106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Kauffman v. Puerto Rico Telephone Co.,* 841 F.2d 1169, 1171 (1st Cir.1988).

## FAILURE TO COMPLY WITH STATUTORY CONDITION PRECEDENT

■ Under the ADEA, no civil action may be commenced until sixty days after a charge or "notice of intent" has been filed with the EEOC. The EEOC, upon receipt of such charge, must promptly notify all persons named in the charge as prospective defendants and must also attempt to eliminate any allegedly discriminatory practice through informal conciliation methods. 29 U.S.C.A. § 626(d) (1985). The purpose of the notice requirement is to provide the Secretary of Labor the opportunity to conciliate the dispute between the parties. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.,* 425 F.Supp. 318 (D.Mass.), *aff'd,* 545 F.2d 222 (1st Cir. 1976). Courts have consistently dismissed parties in an ADEA action when these statutory procedures have not been followed. *See, e.g., Michelson v. Exxon Research and Engineering Co.,* 808 F.2d 1005, 1009 (3d Cir.1987) (failure to file writing sufficient to constitute charge resulted in summary judgment in favor of defendant); *Jay v. International Salt Co.,* 694 F.Supp. 207, 208 (W.D.La.1988), *aff'd on other grounds,* 868 F.2d 179 (5th Cir.1989) (failure to file any charge pursuant to § 626(d) requirements entitled defendants to summary judgment). However, these statutory conditions precedent do not constitute jurisdictional prerequisites and are therefore subject to equitable modification. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (Title VII condition precedent is not jurisdictional; failure to comply with precondition does not deprive federal court of subject matter jurisdiction); *Calderón v. Banco Santander–Puerto Rico,* 671 F.Supp. 898 (D.P.R. 1987) (180 day period ADEA provides for filing EEOC charge is not jurisdictional requirement).

■ For example, a civil ADEA action may be brought against a party not named in the notice of intent if: 1) there exists a "substantial identity" between the named party and the unnamed party, and 2) the unnamed defendant had notice of the administrative proceeding. *Gunning v. San Antonio Teachers Credit Union,* 652 F.Supp. 697, 698 (W.D.Tex.1987). *See also Romain v. Kurek,* 836 F.2d 241, 245–46 (6th Cir.1987) (discussing and applying Third Circuit and Tenth Circuit tests for determining "identity of interest" sufficient to excuse plaintiff's failure to name defendant in the EEOC charge in Title VII action); *Lettich v. Kenway,* 590 F.Supp. 1225, 1227 (D.Mass.1984) (district courts in several circuits, "including this Circuit, have recently held that an age discrimination suit can be brought against a defendant not named in the notice of intent...."). The rationale underlying this exception to the statutory requirement is as follows: an unnamed party who is aware of the administrative proceedings and has interests substantially similar to the party named in the EEOC charge is likely to have had an opportunity to contribute to the amicable resolution of the dispute prior to litigation. *Romain,* 836 F.2d at 246; *Schaffrath v. Akron/Summit/Medina Private Industrial Council,* 674 F.Supp. 1308, 1310 (N.D.Ohio 1987); *Gunning,* 652 F.Supp. at 698. In these cases, the courts reasoned that compelling technical compliance with the notice requirement of section 626(d) would not further the policies underlying that requirement. *Gunning,* 652 F.Supp. at 698.

■ Defendants argue that claimant Luz Rivera failed to name the Corps of Volunteers and the Commonwealth of Puerto Rico in her grievance filed with the EEOC and that the EEOC failed to notify the Corps of Volunteers and Commonwealth of the filed charge. They further claim that no substantial identity exists between the Department of Education and the Corps of Volunteers and the Commonwealth so that the EEOC cannot properly proceed against them in a civil action.

Plaintiff EEOC contends that all defendants were on notice of Ms. Rivera's charge filed with the EEOC because they were corresponding with the Equal Oppor-

tunity Specialist who was investigating the charge. *See* Plaintiff's July 19, 1989 Memorandum in Opposition to Defendant's Motion for Summary Judgment at 5 and Exhibit A, Affidavit of José A. Rojas. *See also* Defendant's June 20, 1989, Memorandum in Support of Motion for Summary Judgment, Exhibit E, Affidavit of Salvador Padilla, Corps of Volunteers Executive Director ("In 1986 I received letters and some telephone communications from EEOC inquiring about why Ms. Luz Rivera's contract was not renewed...."). Indulging in all inferences favorable to the plaintiff and viewing all facts in the light most favorable to the plaintiff, *Diebold, Inc.,* 369 U.S. at 655, 82 S.Ct. at 994, and noting that EEOC charges are to be liberally construed, *Small v. Bethlehem Steel Corp.,* 33 F.E.P. (BNA) 414 (D.Md.1983) (citing *Kaplan v. International Alliance of Theatrical and Stage Employees,* 525 F.2d 1354, 1359 (9th Cir.1975)), we conclude that the requisite substantial identity between the unnamed defendants Corps of Volunteers and the Commonwealth of Puerto Rico exists.[1]

According to defendants, the Department of Education is the only party who had the power to decide whether Ms. Rivera's contract would be renewed. The Department of Education was the party who decided who would be transferred (whose contracts would be renewed) from the Job Corps to the Corps of Volunteers, but the Corps of Volunteers and the Commonwealth of Puerto Rico would have been the parties paying Ms. Rivera had her contract been renewed.[2] *See* Defendant's Exhibit E, *supra.* (The decision of which employees to transfer to the Corps was made by Department of Education officials because they had "real knowledge" of employees' performance. However, as of December 1, 1985, Corps of Volunteers was the agency which replaced the Department of Education as the administrator of funds received from the U.S. Department of Labor for the Job Corps Program.) As contracting agency with the U.S. Department of Labor, the Corps of Volunteers became the party who was empowered to make appointments or dismiss employees already appointed. *See* Defendant's June 20, 1989 Memorandum at 8 and Exhibit G. These facts compel the court to conclude that a substantial identity of interest exists between the Department and the Corps and the Commonwealth. The unnamed defendants Corps of Volunteers and the Commonwealth were aware of the administrative proceedings and have interests in the Job Corps employees which are substantially similar to the Department of Education's interests.

The November 27 letter sent by the Secretary of the Department of Education to Ms. Rivera further suggests a substantial identity between the Department and the Corps as it states that "[s]hould any opportunity arise [in the future when the Department apparently has no power over such appointments] for the position that meet your qualifications, we shall be very happy to consider you pursuant to the rules governing the personnel selection." Defendant's June 20, 1989 Memorandum, Exhibit B. Also, the statute creating the Corps of Volunteers provides that the Program will be "attached" to the Department of Education when the Governor so determines. 18 L.P.R.A. § 1441. This close relationship makes it difficult to distinguish the difference between the powers and interests of the Corps of Volunteers and the Department. Therefore, all defendants had sufficient notice of the administrative proceedings and had interests closely aligned so

---

1. The plaintiff claims that the May 10, 1989 magistrate's order granting plaintiff's motion to amend the complaint to include the Department of Education, the Corps of Volunteers, and the Commonwealth of Puerto Rico cured any defect arising from noncompliance with ADEA requirements. However, plaintiff fails to state why such action taken pursuant to Fed.R.Civ.P. 15(a), has any effect on the filing and notice requirements of the ADEA. 29 U.S.C. § 626(d) ("No civil action may be commenced....").

2. The Corps of Volunteers, established by the Commonwealth of Puerto Rico is an agency or instrumentality of the Commonwealth of Puerto Rico. *See* 18 L.P.R.A. § 1411, *et seq.* As such, it is liable under ADEA. *See* 29 U.S.C. § 630(b) (definition of employer includes "state or political subdivision of a state and any agency or instrumentality of a state....").

that technical compliance with the notice requirements of the ADEA was unnecessary in the instant case.

## THE ACTION IS TIME BARRED

 Under the ADEA, a cause of action must be commenced within two years after it accrues, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. 29 U.S.C. § 626(e) (1985) (referring to 29 U.S.C. § 255 statute of limitations provision). A cause of action accrues when the employee receives notice of the final termination decision, not when the termination becomes effective. *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). The statute of limitations may be tolled for a maximum one-year period to account for the time in which the EEOC is attempting to effect voluntary compliance through informal methods of conciliation, conference, and persuasion. 29 U.S.C. § 626(b), (e)(2).

 Under the Age Discrimination Claims Assistance Act of 1988 (ADCAA), the applicable statute of limitations is extended in certain circumstances. Pub.Law No. 100–283, 102 Stat. 78. Section 3 of the ADCAA provides that, notwithstanding section 626(e) of the ADEA, a civil action may be brought under the ADEA by the Commission or an aggrieved person, during the 540–day period beginning on the date of enactment of the Act (April 7, 1988) if:

(1) with respect to the alleged unlawful practice on which the claim in such civil action is based, a charge was timely filed under such Act with the Commission after December 31, 1983,

(2) the Commission did not, within the applicable period set forth in section 7(e) [one year] either—

(A) eliminate such alleged unlawful practice by informal methods of conciliation, conference, and persuasion, or

(B) notify such person, in writing, of the disposition of such charge and of the right of such person to bring a civil action on such claim,

(3) the statute of limitations applicable under such section 7(e) to such claim ran before the date of enactment of this Act, and

(4) a civil action on such claim was not brought by the Commission or such person before the running of the statute of limitations.

Age Discrimination Claims Assistance Act of 1988, Pub.L. No. 100–238, Section 3.

Defendants Puerto Rico Job Corps and the Department of Education contend that the instant action is barred by the applicable statute of limitations. They state that on November 27, 1985, the Department of Education notified Ms. Rivera that her contract would not be renewed.[3] Thus, the action accrued on that date. The EEOC filed the instant action for willful violation against the Puerto Rico Job Corps on January 24, 1989, and the amended complaint including the Department of Education on May 2, 1989—more than three years after the action accrued. According to defendants, the EEOC did not attempt to effect voluntary compliance as required by the ADEA, and therefore the applicable three year statute of limitations was not tolled.

The plaintiff counters that claimant Rivera satisfies all four preconditions enumerated in the ADCAA, and the defendants have not alleged otherwise. Viewing the facts in the light most favorable to the plaintiff, this action is not barred because

---

**3.** Defendants contend that Ms. Rivera was informed of the Department's decision not to renew her contract on November 27, 1985, in a letter the Department of Education sent to Ms. Rivera. *See* Defendants' June 20, 1989 Memorandum in Support of Motion for Summary Judgment, Exhibit B (letter dated November 28, 1985, from Awilda Aponte Roque, Public Education Secretary). The plaintiff has not objected to this statement and claims only that Ms.

Rivera received written notification that her contract would not be renewed in November of 1985. Plaintiff's August 29, 1989, Brief in Opposition to Defendant's Motion for Leave to Supplement Summary Judgment Motion at 4. As plaintiff has not objected to the November 27, 1985 date, we will apply this date for the purpose of calculating when the cause of action accrued.

all four necessary preconditions of the statute have been satisfied. Claimant Rivera timely filed her charge with the EEOC on May 9, 1986, a date after December 31, 1983, and less than 180 days after she was informed her contract would not be renewed. *See* 29 U.S.C. § 626(d)(2) (no civil action may be commenced until 60 days after a charge has been filed with the EEOC; the EEOC charge must be filed within 180 days after the alleged discriminatory action occurred). Also, the EEOC did not either: 1) eliminate the alleged unlawful practice by conciliation or 2) notify the claimant in writing of the disposition of the charge within the applicable time period of one year. According to the plaintiff, its efforts to conciliate began on August 1, 1988 and continued at least through August 18, 1988, more than one year after the prescribed statutory period. Also, plaintiff EEOC did not notify Ms. Rivera of her right to sue until August 1, 1988, more than one year after the charge was filed.

Plaintiff further contends that the statute of limitations for Rivera's claim had run before April 7, 1988, the date ACDAA was enacted, thereby satisfying the third requirement enumerated in the ACDAA. Although the three year statute of limitations for willful violations ran on November 30, 1988, a date subsequent to the ACDAA date of enactment, plaintiff argues that the legislative history indicates that when applying Section 3 of the ADCAA, the two year statute of limitations applies, whether or not willfulness is alleged. *See EEOC v. Holiday Inn of Oil City,* 49 Empl.Prac.Dec. (CCH) ¶ 38,733, 1989 WL 44639 (W.D.Pa.1989) (plaintiff's action not barred because colloquy between congressmen enacting ADCAA supported proposition that all actions applying section 3 will be considered as having two year prescription period, whether willful or not). As defendants have not opposed this interpretation of the statute, we accept it and find that the plaintiff has fulfilled the third requirement set forth in the ADCAA.

Finally, plaintiff EEOC maintains that the fourth requirement specified in ADCAA is met because this civil action was not filed before the running of the statute of limitations. As aforementioned, the two year statute of limitations applies. That period ended on November 27, 1987, two years after the date Ms. Rivera was informed her contract was not renewed. This action was filed on January 23, 1989, a date after the statute had run. Therefore, the fourth condition of the ADCAA has been satisfied, and the plaintiff's action is not barred by the statute of limitations.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Under Federal Rule of Civil Procedure 8(a)(2), a complaint is sufficient if it contains: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." As the Supreme Court has noted, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). *See also Chongris v. Board of Appeals of Town of Andover,* 811 F.2d 36, 37 (1st Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987).

It is well settled in the First Circuit that a civil rights action must be specifically pleaded to withstand a motion to dismiss. *Johnson v. General Electric Co.,* 840 F.2d 132, 138 (1st Cir.1988); *Dewey v. New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982), *cert. denied,* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983). The plaintiff must plead the specific facts that give rise to an inference of unlawful discrimination. "It is not enough to allege a general scenario which could be dominated by unpleaded facts." *Johnson,* 840 F.2d at 38 (quoting *Dewey,* 694 F.2d at 3). Moreover, a plaintiff cannot be conclusory regarding the characterization of the defendant's motives. *Johnson,* 840 F.2d at 138.

Therefore, in order to adequately state a claim under ADEA, a plaintiff must

allege some facts that demonstrate that age was the reason for the defendant's actions. *Cf. Dartmouth Review v. Dartmouth College,* 709 F.Supp. 32, 36 (D.N.H. 1989) *aff'd* 889 F.2d 13, 18 (1st Cir.1989) (citing *Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir.1982)) (in § 1981 action, plaintiffs must allege some facts to show race was reason for defendant's actions). The complaint must state some causal link between defendants' conduct and the plaintiff's age. *Dartmouth Review,* at 19. *See also Dugan v. Martin Marietta Aerospace,* 760 F.2d 397, 399 (2d Cir.1985) (ADEA plaintiff must show he was discharged under circumstances giving rise to inference of discrimination).

 In the instant case, plaintiff's complaint alleges that Luz Rivera was terminated from her position at the Job Corps Center because of her age.[4] It further states that the defendants replaced Rivera, who was then 54, with another employee who is six years younger and less qualified than Rivera. These facts are sufficient to infer unlawful discrimination. However, as defendants' motion is for summary judgment, the court must look to facts outside the pleadings in order to determine whether plaintiff adequately stated her ADEA claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves...."). In an attached deposition, Rivera's immediate supervisor Hector López Novoa states that his supervisor, Carlos Vázquez, subjected Ms. Rivera to age-based insults. Also, an alleged meeting was held wherein Vazquez made a statement favoring the employment of younger persons on the staff of the Puerto Rico Job Corps. *See* Plaintiff's August 7, 1989, Statement of Material Facts at 2, 3; Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judg-

ment and Leave to Supplement, Exhibit E–1 at 46, 51. These factual allegations, when viewed in the light most favorable to the plaintiff, give rise to an inference that defendants failed to renew Luz Rivera's contract because of her age. Thus, the plaintiff has adequately stated a claim upon which relief can be granted.

## DEFENDANTS PUERTO RICO JOB CORPS, CORPS OF VOLUNTEERS, AND THE COMMONWEALTH ARE NOT "EMPLOYERS" FOR ADEA PURPOSES

Under ADEA, an employer is a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 29 U.S.C. § 630(b). The definition also includes any agent of such a person, and a state or political subdivision of a state and any agency or instrumentality of a state or a political subdivision of a state, and any interstate agency. *Id.*

 Although a defendant may technically fall within the ADEA definition of "employer," an aggrieved employee alleging discrimination must establish that an employee-employer relationship exists in order to successfully allege a claim under ADEA. *Cf. Brousssard v. L.H. Bossier, Inc.,* 789 F.2d 1158, 1159–60 (5th Cir.1986) ("Courts ... consistently hold that Title VII contemplates some employment relationship in discharge cases."). Essentially, the aggrieved party must demonstrate that it is an employee under the ADEA. The statute itself offers little guidance in defining employee—"an individual employed by any employer...." 29 U.S.C. § 630(f). Because ADEA, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (Title VII), and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (FLSA) have similar purposes—eradicating various kinds of discrimination—and define employ-

---

**4.** Defendants contend that the amended complaint is vague and general and fails to state a claim upon which relief can be granted because it is limited to the allegation that defendants are "employers" for the purposes of ADEA. Be-

cause this argument addresses a separate issue, which the court discusses *infra,* we address defendants' argument here only as it relates to the sufficiency of the complaint to state an ADEA claim.

ee and employer similarly,[5] cases interpreting the definitional sections of one act are given substantial weight when interpreting the other acts. *Hyland v. New Haven Radiology Associates*, 794 F.2d 793, 796 (2d Cir.1986) (citing *Lorillard v. Pons*, 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978)).

The courts have applied three tests to determine whether a plaintiff is an employee under these acts. *Mares v. Marsh*, 777 F.2d 1066, 1067 (5th Cir.1985). The first test is the traditional common law test of agency which turns on the employer's right to control. *Id.*[6] The second test is a more expansive "economic realities" test which determines whether the employee, as a matter of economic reality, is dependent on the business to which he or she renders service. *Id.* (citing *Hickey v. Arkla Industries, Inc.*, 699 F.2d 748, 751 (5th Cir.1983)). The final test is a "hybrid" test which considers the economic realities but focuses on the employer's right to control the employee. *E.E.O.C. v. Zippo Manufacturing Co.*, 713 F.2d 32, 37–38 (3rd Cir.1983). *See also Mares*, 777 F.2d at 1067 n. 2 (discussing and enumerating different cases adopting the hybrid test and the economic realities test).

▮▮▮▮ In certain circumstances, a new employer will be held liable for the legal obligations of its predecessor although explicit assumption of the obligations is absent. *Bates v. Pacific Maritime Association*, 744 F.2d 705 (9th Cir.1984). The Supreme Court has addressed the issue of whether a successor employer, in the corporate context, should or should not be held liable for the unfair labor practices of its predecessor, should be bound by labor contracts between the predecessor and its employees, or should not be affected by the labor relationships of its predecessor. *See In re National Airlines, Inc.*, 700 F.2d

695, 699 (11th Cir.1983) (citing *Howard Johnson Co., Inc. v. Detroit Local Joint Executive Board*, 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974); *Golden State Bottling Co., Inc. v. N.L.R.B.*, 414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973); *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964)). In such cases, the Court balances the interests of the employees and the employer and the general policy underlying the labor law. *In re National*, 700 F.2d at 698. One factor to be considered in the balancing is whether the new employer had notice of the predecessor's practices and policies. *See, e.g., Golden State Bottling Co.*, 414 U.S. at 171–174, 94 S.Ct. at 418–420. Successor liability is a fact specific inquiry determined on a case by case basis. *Howard Johnson Co.*, 417 U.S. at 262 n. 9, 94 S.Ct. 2243 n. 9. Moreover, successor liability is liberally imposed. *Fennell v. TLB Plastic Corp.*, 1989 WL 88717, 1989 U.S. Dist. Lexis 8738, 6 (S.D.N.Y.1989) (citing *Fall River Dying & Finishing Corp. v. N.L.R.B.*, 482 U.S. 27, 107 S.Ct. 2225, 96 L.Ed.2d 22 (1987)).

Several courts have applied successor liability doctrines to Title VII successor problems. *See, e.g., Bates* 744 F.2d at 709; *In re National Airlines*, 700 F.2d at 698; *E.E.O.C. v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091 (6th Cir.1974); *Bernstein v. Consolidated Foods Corp.*, 622 F.Supp. 1096, 1108–1109 (N.D.Ill.1984). In these cases, liability depends on whether the successor had notice, whether the predecessor was capable of providing relief, whether there has been substantial continuity of business operations, whether the new employer uses the same facilities, employees, and management and produces the same product or service. *Bernstein*, 622 F.Supp. at 1108 (citations omitted). "No one of these factors is controlling; the

---

**5.** Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees...." 42 U.S.C. § 2000e(b). "Employee" is defined as "an individual employed by an employer...." 42 U.S.C. § 2000e(f). FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an em-

ployee...." 29 U.S.C. § 203(d). Employee is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

**6.** This test was the standard used to distinguish an independent contractor from an employee. *See U.S. v. Silk*, 331 U.S. 704, 714 n. 8, 67 S.Ct. 1463, 1468 n. 8, 91 L.Ed. 1757 (1947).

court must look at all of them along with any others that present themselves in the case before it, and it must make its decision by balancing the interests of the plaintiff and the national policy of abhorrence toward employment discrimination against the interest of the successor." *Brown v. Evening News Association,* 473 F.Supp. 1242, 1245 (E.D.Mich.1979).

■ Defendants Puerto Rico Job Corps, Corps of Volunteers, and the Commonwealth all contend that they are not Luz Rivera's employer for purposes of imposing liability under the ADEA. Puerto Rico Job Corps argues that it is a federally created program under the Job Training Partnership Act, statutorily established within the United States Department of Labor and funded by that Department. 29 U.S.C. § 1501 *et seq.,* § 1691 *et seq.* Funds appropriated for the Job Corps Program were administered through a contractual agreement between the United States Secretary of Labor and the Puerto Rico Department of Education, pursuant to the Federal Procurement Regulations. 20 C.F.R. § 684.10 (1989) (defining "contract center" as a center administered under a contract between Job Corps and a corporation, partnership, public agency, or similar legal entity, selected according to Federal Procurement Regulations). As previously stated,[7] the contract clause provides that Department of Labor approves the appointment or continued assignment of the Center Director and senior staff members, but does not make the decision to appoint or dismiss. *See* Defendant's June 20, 1989, Memorandum in Support of Motion for Summary Judgment p. 8, Exhibit G. According to defendant Job Corps, such authority and right to control remained with the Department of Education as the contracting agency, not the U.S. Department of Labor acting through the Job Corps.

Luz Rivera was assigned to work with the Job Corps program when it was administered by the Department of Education. Her last contract expired on November 30, 1985. In June of 1985, the Corps of Volunteers was created. 18 L.P.R.A. § 1411

*et seq.* The law provided for the administrative transfer of funds, including those funds earmarked for the Job Corps, to the Corps of Volunteers. The effective creation date of the Corps of Volunteers was December 1, 1985. *See* Defendants' June 20, 1989, Memorandum in Support of Motion for Summary Judgment at 2, and Exhibit C attached thereto.

Many of the people who previously worked for the Department of Education in the Job Corps Program were transferred to the Corps of Volunteers. Defendants contend that the decision of which workers would be transferred from the Job Corps to the Corps of Volunteers was made by Department of Education officials. Thus, defendants conclude, in light of the "hybrid" test, Puerto Rico Job Corps is not an employer for purposes of the ADEA: it did not possess the requisite right to control the decision of whether to renew Luz Rivera's contract so that she could be transferred, and Luz Rivera was not economically dependent on it. *See Barlow v. Avco,* 527 F.Supp. 269 (E.D.Va.1981) (court dismissed claim against two Labor Department officials named as respondents in EEOC charge; corporation administering funds distributed by Department of Labor, not Department of Labor officials monitoring corporation, was employer for ADEA purposes).

Plaintiff has failed to assert, under any of the three tests mentioned above, the existence of an employer-employee relationship between Luz Rivera and the Puerto Rico Job Corps necessary to impose liability under the ADEA. Moreover, plaintiff has not presented any facts to establish there exists a genuine issue of fact concerning the employer-employee relationship between Luz Rivera and Puerto Rico Job Corps. It has failed to carry its burden. In order "[t]o successfully oppose a properly supported motion for summary judgment, the non-moving party must demonstrate *specific* facts which establish a genuine issue for trial." *Posadas de Puerto Rico, Inc. v. Radin,* 856 F.2d 399, 401 (1st

7. *See* page 214 *supra.*

Cir.1988) (citation omitted). The Court therefore grants summary judgment in favor of Puerto Rico Job Corps.

 The Corps of Volunteers and the Commonwealth also contend that they are not Luz Rivera's employer for the purposes of imposing liability under the ADEA. They assert that the non-renewal of the employment contract, a decision made by the Department of Education, occurred on November 27, 1985, prior to December 1, 1985, the effective creation date of the Corps of Volunteers. Therefore, the Corps had no right to control Luz Rivera's employment and Luz Rivera was not economically dependent upon the Corps. The only relationship between the Corps and the Department of Education is that both had entered into contractual agreements with the U.S. Department of Labor for the administration of funds appropriated for the Job Corps Program. The Commonwealth argues that its only relationship to the Department of Education is that the Department is an executive department created by the Constitution of the Commonwealth.

Although neither plaintiff nor defendants address whether the Corps of Volunteers and the Commonwealth of Puerto Rico may be held liable as a successor employer to Luz Rivera, we conclude that the Corps and the Commonwealth are successor employers and therefore deny summary judgment in their favor. In this case, the majority of personnel employed with the Department was transferred to the Corps of Volunteers (the successor employer). *See* Defendant's June 20, 1989 Memorandum in Support of Summary Judgment at 2. There exists a substantial continuity of "business operations" between the predecessor Department of Education and the Corps of Volunteers and the Commonwealth of Puerto Rico, and the new employer performs the same service and receives funds to pay its employees from the same source—the Corps of Volunteers became the new Commonwealth agency responsible for the administration of Job Corps funds. *See* Defendants' June 20, 1989, Statement of Uncontested Material Facts at 3 and Exhibit

C. ("The purpose of this modification is to change the Commonwealth ... Agency responsible for this contract from the Department ... to the Puerto Rican Volunteer Youth Corps....").

Moreover, the successor Corps of Volunteers had notice of the EEOC charge [8] and is the party capable of providing the relief requested. It is the contracting agency receiving funds for the Job Corps and has the power to reinstate Ms. Rivera in a Job Corps position. Therefore, the Corps of Volunteers and the Commonwealth are successive employers of Luz Rivera who will be liable to her for any discriminatory action of the Department of Education, the predecessor employer. To hold otherwise would "emasculate the relief provisions of ... [ADEA] by leaving the discriminatee without a remedy or with an incomplete remedy." *E.E.O.C. v. MacMillan Bloedel Containers*, 503 F.2d at 1091.

## FAILURE TO ESTABLISH A PRIMA FACIE CASE

 Under the ADEA, the plaintiff has the burden of proving that age was the determinative factor in the discharge. *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1335 (1st Cir.) (citing *Menard v. First Security Services Corp.*, 848 F.2d 281, 285 (1st Cir.1988)); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1019 (1st Cir.1979). In order to establish a prima facie case under the ADEA, the plaintiff must show that (1) she was within the protected group (over the age of forty); (2) she was qualified, in the "sense that [s]he was doing [her] job well enough to rule out the possibility that she was fired for inadequate job performance;" (3) she was nevertheless fired or discharged; and (4) the employer *sought a replacement* with qualifications similar to the discharged employee's, thus demonstrating a continued need for the same services and skills. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1013–14 (1st Cir.1979) (emphasis added). *See also Freeman*, 865 F.2d at 1335 n. 2 ("Accordingly, we ... hold that replacement by a younger person

---

8. *See* pages 213–214 *supra*.

(or one outside the 'protected' age group) is not an element of the plaintiff's prima facie in an ADEA suit.").

 In the past, the First Circuit's precedents were unclear as to whether an ADEA plaintiff was required to prove as part of the prima facie case that she was replaced by a younger person. *Compare, e.g., Loeb,* 600 F.2d at 1012–13 (denying any such requirement) *with, e.g., Dea v. Look,* 810 F.2d 12, 14 n. 1 (1st Cir.1987) (contra). In *Freeman,* the court specifically addressed this inconsistency by stating that the *Dea* dictum and subsequent cases following it rest on a misreading of *Loeb.* 865 F.2d at 1335 n. 2. The court upheld *Loeb* as the law of the circuit, thus confirming that an ADEA plaintiff need not prove replacement by a younger individual as part of the prima facie case. However, it noted that in practice, an ADEA plaintiff is unlikely to succeed without such proof. *Id.*

Once the plaintiff presents her prima facie case, an inference of age discrimination arises, and the defendant bears the burden of articulating—producing evidence—of some legitimate, nondiscriminatory reason for the discharge. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *Freeman,* 865 F.2d at 1335 (citing *Menzel v. Western Auto Supply Co.,* 848 F.2d 327, 328 (1st Cir.1988)). This burden of production requires that the defendant produce evidence sufficient to raise a genuine issue of fact as to whether it intentionally discriminated against the plaintiff. *Id.* Once the employer articulates some plausible reason for discharging the plaintiff, the presumption is "erased," and the employee has the burden of showing that the reason was a pretext for age discrimination *Id.* at 1336.

In the case of Luz Rivera, the EEOC has established that she was over 40 when her contract was not renewed by defendant Department of Education. *See* Plaintiff's September 1, 1989 Exhibit A–1, Deposition of Luz Rivera. Plaintiff has also established that while employed by the Department of Education, she performed her job satisfactorily. Her immediate supervisor, Hector López Novoa, gave Rivera the highest possible performance evaluation, and has testified that he was satisfied with her job performance. Exhibits B–1 through B–5. Nevertheless, Rivera's employment contract was not renewed, as shown by the November 27, 1985 letter informing Ms. Rivera of the non-renewal. Finally, plaintiff's position remained vacant—at the same time that the majority of Job Corps Program personnel was transferred to the Corps of Volunteers—while Salvador Padilla, the Executive Director of the Corps of Volunteers, the successor employer, "made the effort to find a substitute," presumably with qualifications similar to those of Ms. Rivera's. *See* Plaintiff's September 1, 1989 Affidavit, Exhibit D–1. Thus, plaintiff has successfully presented its prima facie case.

Wherefore, in view of the foregoing, defendants' motion for summary judgment in favor of the Puerto Rico Job Corps is GRANTED. Because the Court concludes that the Puerto Rico Department of Education, the Corps of Volunteers in the Service of Puerto Rico, and the Commonwealth of Puerto Rico are not entitled to be dismissed as a matter of law, summary judgment as to them is DENIED.

Jury Trial set for December 11, 1989, is hereby RESET for January 25, 1990, at 9:30 a.m.

IT IS SO ORDERED.